THE FAIRBANK CANNING COMPANY

*v.*

ELIZABETH C. INNES, Admx.

*Filed at Ottawa June 16, 1888.*

1. APPEAL—*reviewing the facts.* Where there is evidence tending to prove the averments of the declaration in an action at law, this will preclude this court from investigating the controverted questions of fact.

2. SAME—*negligence as a question of fact.* In an action to recover damages for the death of plaintiff's intestate, on the ground of negligence in the construction of an elevator, whereby the death was caused, the question whether the defendant was guilty of the negligence charged, is a question of fact, as to which the finding of the Appellate Court is conclusive.

3. INSTRUCTIONS—*refusal to repeat.* A judgment will not be reversed for the refusal of the court to give an instruction, when the law is stated with sufficient fullness, and the substance of the refused instruction, in a large measure, is embodied in those given.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. R. S. WILLIAMSON, Judge, presiding.

Mr. JOHN RICHBERG, for the appellant.

Mr. JOHN B. SKINNER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The questions raised on the record in this case consist mostly of controverted questions of fact, which admit of no discussion in this court. The suit was brought by the administratrix to recover damages resulting to the next of kin of George Innes, whose death, it is alleged, was caused by the negligent conduct of the Fairbank Canning Company. Decedent, at the time he received the injuries that caused his death, was in the employ of defendant, and was in charge of the freight elevator used in its packing house. The ground of recovery, as alleged, is, that

the elevator upon which decedent was engaged was so improperly, negligently and carelessly constructed, it became displaced and broken, and by reason thereof, while decedent was operating it with due care, it fell to the basement with such force and violence as to cause his death. The evidence bearing on the question of negligence on the part of defendant, in respect to the defective construction of the elevator, has been subjected to examination, and it is seen there is evidence tending to sustain the averments of the declaration in that regard, and that precludes all discussion in this court. Whether defendant had been guilty of negligence in the manner of the construction of the elevator, was a controverted question of fact, and in all such cases the findings of the Appellate Court as to such questions are conclusive upon this court.

Some evidence was permitted to go to the jury over the objections of defendant, but on examination it is seen the errors in this respect, if any exist, are so slight as to be of no serious consequence. Certainly there was nothing in the rulings of the court as to the admission of evidence that would warrant a reversal of the judgment.

It is said it was error in the trial court to refuse certain instructions asked by defendant. No instructions were given for plaintiff. Quite a number, however, were given on behalf of defendant, and this court fully concurs with the Appellate Court in its conclusion the law applicable to the facts was stated with sufficient fullness in the instructions given. No others were needed to an understanding of the true issues involved. It is also seen the substance of the refused instructions was, in a large measure, at least, embodied in the charges given, and the court was under no duty to give the same thing a second time.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*