LOUISVILLE, NEW ALBANY AND CHICAGO RY. CO. *et al.*

*v.*

ROSA RED, Admx.

*Filed at Ottawa October 29, 1894.*

1. APPEAL—*facts put in issue by pleadings not reviewed in Supreme Court.* The negligence of defendant and want of negligence of the deceased, in an action for wrongful death, are made controverted questions by a plea of not guilty, so as to prevent review of the evidence by the Supreme Court on the ground that there is no controversy in the testimony.

2. PRACTICE—*question of negligence must be presented as one of law.* To raise the question, on appeal, whether there is evidence in the record tending to prove negligence, or want of contributory negligence, there must be a motion, at the close of all the evidence, to withdraw the case from the jury or have the jury instructed to find for defendant.

*L., N. A. & C. Ry. Co.* v. *Red*, 47 Ill. App. 662, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

G. W. KRETZINGER, for appellants.

B. M. SHAFFNER, for appellee.

BAKER, J.: This was a suit by appellee, as administratrix, against appellants, to recover for the death of her intestate son, John Red, Jr. The case was tried by the circuit court of Cook county and a jury. The verdict was for appellee, assessing her damages at $4000. Appellee entered a *remittitur* of $1000, and judgment was rendered upon the verdict for $3000 and costs of suit. Appellants appealed to the Appellate Court, where the judgment of the circuit court was affirmed.

It is insisted, first, that this court should review the evidence on the question of negligence, because, as is said, there is no controversy in the testimony on that subject. In the first place, that was one of the controverted questions of fact in the case. Each count of the declaration charged that a train of cars belonging to and operated by the Louisville, New Albany and Chicago Railway Company, through certain acts of negligence on the part of appellants, caused the death of deceased, and that he was at the time in the exercise of due care. The plea of not guilty put those allegations in issue, and they became controverted questions in the case. *American Exchange Nat. Bank* v. *Chicago Nat. Bank,* 131 Ill. 547.

If counsel intends to be understood as saying that there is no evidence in the record tending to prove the negligence charged against the defendants or due care on the part of the deceased, the answer must be, that question is not presented by this record as one of law. No motion was made, at the close of all the evidence, to withdraw the case from the jury or to have it instructed to find for

the defendants. (*Cothran* v. *Ellis*, 125 Ill. 496; *Joliet, Aurora and Northern Railway Co.* v. *Velie*, 140 id. 59.)   In actions of this kind, the questions of negligence on the part of the defendant and exercise of due care on the part of the plaintiff are questions of fact, and are conclusively settled by the finding of the jury and judgment of the Appellate Court.    *Fairbank Canning Co.* v. *Innes*, 125 Ill. 410; *Lake Shore and Michigan Southern Railway Co.* v. *Parker, Exr.* 131 id. 557, and cases cited.

Counsel for appellants contends that the first instruction given on behalf of appellee is erroneous, and for that reason the judgment below should be reversed. That instruction was intended to inform the jury as to the duty of railroad companies, under our statute, to construct and maintain crossings at streets and highways within their rights of way, and apply the same to the facts of the case on trial. It is objected that the instruction misstated the law, and assumed for its basis evidence not introduced on the trial, and assumed the unsafe condition of the sidewalk on the crossing where the accident occurred. We have carefully examined the instruction, and are unable to discover wherein it is liable to either of these criticisms. Taking into consideration all the instructions given to the jury, there is no just cause for complaint on the part of appellants that they were prejudiced thereby.

It may be conceded the case is very close upon the facts, but no substantial errors of law are found in the record, and the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*