## THE AMERICAN EXCHANGE NATIONAL BANK

### v.

### THE CHICAGO NATIONAL BANK.

*Filed at Ottawa October 31, 1889.*

1. APPEALS—*reviewing the facts—and in what controverted questions of fact consist.* Where the facts stated in a declaration as showing a cause of action are put in issue by plea, the questions thus raised are controverted questions of fact, although the testimony of the witness or witnesses of the plaintiff is wholly uncontradicted.

2. If the claim that a judgment of the Appellate Court is erroneous, is based upon the assumption that, admitting the facts stated in the declaration to be true, there is no right of action, this court is authorized to entertain assignments of error which question the validity of the judgment on that ground.

3. But when the claim is that the evidence is legally insufficient to support the judgment recovered, this court is precluded from examining the evidence for the purpose of determining whether or not such claim is well founded.

4. SAME—*trial by the court—no questions of law preserved.* Where the declaration alleges a good cause of action, and there is issue thereon, and a trial is had before the court without a jury, and no questions of law are raised at the trial in regard to the admission or exclusion of evidence, and no propositions of law are submitted to the court, pursuant to the statute, to be ruled upon, and the judgment of the trial court is affirmed by the Appellate Court, no question of law can arise in this court, and the judgment of the Appellate Court will be affirmed.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. SWIFT, CAMPBELL & JONES, for the appellant:

There is no controversy here in regard to the facts, the question being, do the facts constitute a legal cause of action, and that question may be reviewed by this court. *Goodrich* v. *Lincoln,* 93 Ill. 359; *Paddon* v. *Insurance Co.* 107 id. 198; *Railroad Co.* v. *Lewis,* 109 id. 120.

A demand must be made for the payment of the check, before an action lies. (Morse on Banks and Banking, 519; *Brahm* v. *Adkins*, 77 Ill. 263.) And payment must be demanded during banking hours. Morse on Banks and Banking, sec. 431; *Bickford* v. *First Nat. Bank*, 42 Ill. 244.

Messrs. TATHAM & WEBSTER, and Mr. S. M. MILLARD, for the appellee:

When a depositor draws his check on his banker, such check operates to transfer the sum therein named to the payee, provided the depositor has on deposit a sufficient sum to pay the check at the time it is presented for payment. *Munn* v. *Burch*, 25 Ill. 35; *Marine Bank* v. *Ogden*, 29 id. 248; *Brown* v. *Leckie*, 43 id. 497; *Bickford* v. *First Nat. Bank*, 42 id. 238; *Union Nat. Bank* v. *Oceana Co. Bank*, 80 id. 212; *National Bank* v. *Bank*, 114 id. 483.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This was assumpsit, brought in the Superior Court of Cook county, by the Chicago National Bank, appellee, against the American Exchange National Bank of Chicago, appellant. The declaration counted upon a check for $10,000, drawn June 13, 1887, by C. J. Kershaw & Co. on appellant, in favor of M. Rosenfeld & Co., and indorsed by the latter to appellee. The declaration alleged the presentation of the check to appellant and demand for payment, and that appellant then had on deposit and in its possession, subject to the order of C. J. Kershaw & Co., money and funds of said C. J. Kershaw & Co. sufficient to pay the whole amount of said check, but neglected and refused to make payment of the same. A plea of the general issue was interposed, and, by agreement of parties, the cause was submitted to the court for trial, without a jury. The court found the issues for appellee, and assessed its damages at $10,348.30, and, after overruling a motion for a new trial, rendered final judgment on the findings. The Appellate

Court for the First District affirmed the judgment, and the cause was brought here by further appeal.

One of the material questions of fact put in issue by the declaration and the plea was the claim made by appellee, that at the time the check was presented and request made for payment, the drawers of the check had sufficient money or funds on deposit with or in the hands of appellant, and subject to the order of the drawers, to pay the sum of money called for by the check. The trial court, in finding the issues in favor of appellee, necessarily found this question of fact in accordance with the contention of appellee, and the Appellate Court, when it rendered judgment affirming the judgment of the Superior Court, conclusively settled this, as well as all other material questions of fact, against appellant. The Appellate Court, in their opinion affirming the judgment, say: "We are satisfied that the judgment is sustained, on the ground that when the check was presented to the teller for payment there were then funds to the credit of the drawers sufficient for the payment of said check."

Appellant urges, however, that there is no controversy in the case in regard to the facts, and that therefore the statutory provisions that the judgment of the Appellate Court shall be final and conclusive as to all matters of fact in controversy, and that this court, except in certain enumerated cases, shall allow no assignments of error which call in question the determination of the inferior or Appellate courts upon any controverted questions of fact, have no application. This claim is based upon the ground that there is no conflict in the testimony contained in the record; that appellant did not controvert nor seek to controvert the testimony of the witnesses for appellee, and that appellee did not controvert nor seek to controvert the testimony of appellant's witness, and that, there being no conflict in the testimony, there can be no controverted question of fact, and that the only question involved is the question of law whether the uncontroverted facts constitute a

cause of action. The fallacy of the position assumed by appellant consists in this—that from the fact that there was no conflict in the testimony of the various witnesses in respect to the several evidentiary circumstances to which they respectively testified, the conclusion is deduced that there was no controverted question of fact in the case. In all cases where the examination of witnesses is necessary, not only evidentiary facts, but also principal or ultimate facts, are involved; and the expressions, "any controverted questions of fact," and "all matters of fact in controversy," found in the statute, are broad enough to include, and have frequently been decided by this court to include, both evidentiary or subordinate facts and the principal or ultimate facts in issue. Here, one of the principal and ultimate facts,—and clearly made such by the pleadings,—is the alleged fact that the appellant had in its hands funds with which to pay the check drawn on it by C. J. Kershaw & Co., and appellant, by its plea, put that fact in issue, and the averment of the existence of that fact, and the denial of its existence, constituted the question thus raised "a controverted question of fact." If the claim that a judgment of the Appellate Court is erroneous, is based upon the assumption that, admitting the facts stated in the declaration to be true, there is no right of action, we are authorized to entertain assignments of error which question the validity of the judgment on that ground; but if the claim is, as is here the case, that the evidence is legally insufficient to support the judgment recovered, we are precluded by the statute from examining the evidence for the purpose of determining whether or not such claim is well founded.

It has been held by this court in numerous cases, that where a declaration alleges a good cause of action, and there is issue thereon, and a trial is had before the court without a jury, and no questions of law are raised at the trial in regard to the admission or exclusion of evidence, and no propositions of law are submitted to the court, pursuant to the statute, to

be ruled upon, and the judgment entered by the trial court is affirmed by the Appellate Court, no question of law can arise in this court in respect to the finding of the trial court, and the judgment of the Appellate Court must necessarily be affirmed. *Tibballs* v. *Libby*, 97 Ill. 552; *Hobbs* v. *Ferguson's Estate*, 100 id. 232; *Bridge Co.* v. *Commissioners*, 101 id. 518; *St. Louis Stock Yards* v. *Wiggins Ferry Co.* 102 id. 514; *Fitch* v. *Johnson*, 104 id. 111; *Edgerton* v. *Weaver*, 105 id. 43; *Farwell & Co.* v. *Shove*, 105 id. 61; *Hardy* v. *Rapp*, 112 id. 359; *Barber* v. *Hawley*, 116 id. 91; *Northwestern B. M. A. A.* v. *Hall*, 118 id. 169; *McIntyre* v. *Sholty*, 121 id. 660; *Montgomery* v. *Black*, 124 id. 57; *Belleville Savings Bank* v. *Bornman*, id. 200.

In the case at bar, no exceptions were taken to the rulings of the court admitting or excluding testimony, and no propositions of law were presented to the court to be passed upon, nor does it appear, from the record, that any question of law was otherwise raised. If there is any ground for the contention that the evidentiary facts in proof did not justify the conclusion reached, and that there was a misapplication of the law to such facts, it must suffice to say such ground of objection to the judgment was not preserved in the mode designated in the statute, and, that the judgment having been affirmed in the Appellate Court, we have no right or authority, under the statute and under the doctrine so frequently announced by this court, to afford relief.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*