JAMES BOLTON

*v.*

JOHN JOHNSTON, Jr.

*Filed at Ottawa November 9, 1896.*

1. LAW AND FACT—*agreement upon evidence does not make court's finding one of law.* The fact that all the evidence offered in a trial before the court without a jury is embodied in an agreed stipulation does not render the question whether there was a right of recovery one of law, where the issue made by the pleadings is one of fact, only.

2. APPEALS AND ERRORS—*how to raise question of right of recovery as one of law.* One wishing to raise the right of recovery as a question of law on agreed evidence submitted to the court without a jury, under an issue of fact, must do so by motion or by the submission of an appropriate proposition of law.

3. SAME—*when Appellate Court's affirmance is conclusive.* Affirmance by the Appellate Court of a judgment for plaintiff rendered by the trial court without a jury, upon agreed evidence, on an issue of fact, is conclusive, where no question of law was raised, by motion or proposition of law, in the trial court.

*Bolton* v. *Johnston,* 57 Ill. App. 178, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

JONES & STRONG, for appellant.

HENRY BROWNE, (EDWARD J. MCARDLE, of counsel,) for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action brought by John Johnston, Jr., against James Bolton, to recover damages for a breach of contract wherein Bolton had agreed to convey a certain tract of land to Johnston for a certain price, upon conditions named in the contract. By agreement of the parties a jury was waived and the cause was submitted to the court for trial upon an agreed statement of facts. The Superior Court, upon the evidence introduced, found the issues for the plaintiff and assessed his damages at $2896, and entered judgment for that amount. The defendant entered an exception to the judgment and appealed to the Appellate Court, where the judgment was affirmed.

No objection was made by appellant, on the trial, to the introduction of evidence, nor was any proposition submitted to the court to be held as law by him, but he claimed there, and claims here, as we understand the argument, that under the facts appellee was not entitled to recover.

Section 89 of the Practice act (Hurd's Stat. p. 1024) declares: "The Supreme Court shall re-examine cases brought to it by appeal or writ of error as to questions of law, only, and no assignment of error shall be allowed which shall call in question the determination of the inferior or appellate courts upon controverted questions of fact in any case, excepting those enumerated in the preceding section." This case does not fall within the excepted cases, and it is insisted by appellee that no question is involved here, and that the judgment of the Appellate Court should be affirmed.

This court has often held, that where a good cause of action is alleged in the declaration, and an issue has been made by pleas to the declaration, and a trial is had before the court without a jury, and no objection is interposed to the admission or exclusion of evidence, and no

propositions of law are submitted to the court, as provided by the statute, to be ruled upon, and the judgment of the trial court has been affirmed in the Appellate Court, no question of law can arise in this court in regard to the finding of the trial court, and in such case the judgment of the Appellate Court must, of necessity, be affirmed. (*American Exchange Nat. Bank* v. *Chicago Nat. Bank*, 131 Ill. 547.) This case, as we understand the record, falls within the rule announced in the case cited, and must be controlled by it.

It is conceded in the argument that the law as stated is correct as a general rule, but it is claimed that the present case is an exception. It is said the facts were all agreed upon, and hence there were no controverted facts upon which the Appellate Court was called upon to pass. The same contention was made in *Cothran* v. *Ellis*, 125 Ill. 496, and in disposing of the question it is said (p. 502): "We might here dismiss this branch of the case without further remark, but for the fact it has been supposed that where there is no conflict in the evidence, and the proofs appear wholly insufficient to sustain the judgment of the trial court, this court   *   *   *   may nevertheless reverse it, on the ground that the want of evidence to support the judgment presents a question of law to be reviewed here. This position is unsound, in any view that may be taken of it. It is true, that whether a matter offered in evidence tends to prove an issue, presents, when challenged, a question of law for the determination of the court; but when once admitted, the jury, under the instructions of the court, are to determine its force and effect upon the issue submitted, and pass upon the issue itself as one of fact, and no review of it, by this or any other court, can change it to one of law. And whether the evidence is good, bad or worthless, the finding of the jury based upon it will be a finding of facts involved in the issue, within the meaning of our statute, without regard to whether it is justified by the evidence or not; and if

the jury have made a mistake, the ultimate power to correct it is conferred upon the Appellate Court, and not upon this."

Where the facts alleged in the declaration, upon which the cause of action is predicated, are put in issue by pleas interposed by the defendant in the action, the questions raised by the pleadings may be regarded as controverted questions of fact, although the evidence introduced in the trial may be agreed upon and embodied in a stipulation of facts. (*Crean* v. *Hourigan*, 158 Ill. 301; *Louisville, New Albany and Chicago Railway Co.* v. *Red*, 154 id. 95; *Fitch* v. *Johnson*, 104 id. 111.) If the evidence introduced in this case was insufficient to authorize a recovery, and the defendant desired to save that question to be passed upon in this court, he might have done so by submitting a proper instruction or proposition of law for the decision of the trial court. If, under the written contract upon which the action was predicated, which was read in evidence, defendant desired a construction of the contract by the court, the decision of the court upon that question could have been obtained by an appropriate proposition of law submitted to the court for decision. So, also, any other legal question might have been preserved in the same way. But that course was not pursued. No propositions of law were submitted for the decision of the court on any question. Under the pleadings, whether the evidence was sufficient to authorize the judgment was purely a question of fact, and under the statute the judgment of the Appellate Court affirming the judgment of the trial court is conclusive.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*