WILLIAM GRABBS

*v.*

THE CITY OF DANVILLE.

*Filed at Springfield May 11, 1897.*

1. PRACTICE—*section 41 of Practice act applies to trials before the court on agreed facts.* Section 41 of the Practice act, (Rev. Stat. 1874, p. 780,) providing the mode in which parties may preserve questions of law for review in trials had before the court without a jury, applies though the case is submitted to the court on agreed facts.

2. SAME—*how to raise question of validity of ordinance as one of law.* One desiring to preserve for review the question of the validity of a city ordinance, for a violation of which a judgment has been recovered against him in a trial had before the court without a jury, must do so by motion, or by an appropriate proposition of law.

3. APPEALS AND ERRORS—*when Appellate Court's judgment of affirmance is conclusive.* A judgment by the Appellate Court affirming a judgment rendered in the trial court on an issue of fact submitted on agreed evidence, without a jury, is conclusive, where no questions of law are preserved by motion or propositions of law, as provided by section 41 of the Practice act.

*Grabbs* v. *City of Danville,* 63 Ill. App. 590, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. FERDINAND BOOKWALTER, Judge, presiding.

LAWRENCE & LAWRENCE, for plaintiff in error.

G. F. REARICK, City Attorney, for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action brought before a police magistrate by the city of Danville, against William Grabbs, to recover for an alleged violation of a city ordinance by selling beer in quantities of one gallon or more without a license. The plaintiff recovered before the police magistrate a judgment for $20 and costs, and the defendant appealed to the circuit court, where a jury was waived and a trial had before the court on an agreed statement of facts, upon which the court rendered judgment against the defendant for the same amount recovered before the magistrate. For the purpose of reversing the judgment the defendant removed the record to the Appellate Court, where the judgment was affirmed.

On the hearing in the circuit court no question was raised in regard to the admission of evidence, and no written propositions were submitted to the court to be held as law in the decision of the case. Under such a state of facts this court has often held that no question of law is presented on appeal or writ of error for decision. *Bolton* v. *Johnston,* 163 Ill. 234; *Chicago, Burlington and Quincy Railroad Co.* v. *City of Ottawa,* 165 id. 207.

Where a jury has been waived, as was done here, and either party desires to protect himself against any erroneous view the court may entertain in regard to the law which should govern the case, the statute provides: "In all cases in any court of record of this State, if both parties shall agree, both matters of law and fact may be tried by the court; and upon such trial either party may, within such time as the court may require, submit to the court written propositions to be held as law in the decision of the case, upon which the court shall write 'refused' or 'held,' as he shall be of opinion is the law, or modify the same, to which either party may except as to other opinions of the court." (Rev. Stat. 1874, chap. 110, sec. 41.) Under this statute a mode is provided under

which either party may, if he desires, obtain, by written propositions, the ruling of the court on the validity or effect of any ordinance, or on any other evidence introduced on the trial, or in regard to any legal matter bearing upon the rights of the parties; and if the court should make an erroneous ruling on the propositions submitted, or any of them, the party against whom the decision is made, on appeal or writ of error, may procure correction of all errors. But unless this course is pursued no question of law will be presented by the record for review on appeal or writ of error.

But it is said in the argument that the statute providing for written propositions of law does not apply, as the facts here were agreed upon. In *Bolton* v. *Johnston, supra,* the facts were all agreed upon, and we held that as no propositions of law were submitted no question of law was presented by the record. So, also, in *Railroad Co.* v. *City of Ottawa, supra,* the facts were agreed upon, and there, as here, it was contended that an ordinance under which a recovery was had was invalid, but as no propositions of law were submitted it was held that the record presented no questions of law for consideration.

If the plaintiff in error desired to raise a question in regard to the validity of the ordinance under which a conviction was had, he could have done so by submitting a proposition to be held as law by the court, involving that question. Had that course been pursued the record of plaintiff in error would have presented the question which he now seeks to raise. But as the record does not present that or any other legal question for decision, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*