EDWIN A. SWAIN, Sheriff,

*v.*

THE FIRST NATIONAL BANK OF HUTCHINSON, KANSAS.

*Opinion filed February 18, 1903.*

PRACTICE—*when propositions of law are necessary.* Propositions of law are necessary, in a trial before the court without a jury, in order to present questions of law for review on appeal, even though the case is tried upon a stipulation of facts.

*Swain* v. *First Nat. Bank,* 100 Ill. App. 31, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Henry county; the Hon. FRANK D. RAMSAY, Judge, presiding.

N. F. ANDERSON, for appellant.

CHARLES K. LADD, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

This is an action of replevin, brought by the appellee against Edwin A. Swain, sheriff of Henry county, for the possession of 277 bales of broom-corn. On February 19, 1900, the Galva First National Bank of Galva, Illinois, recovered a judgment in the Henry county circuit court against Eric Gabrielson for $2049.50, and on the 20th day of February, A. D. 1900, appellant Swain, sheriff, levied an execution issued upon said judgment upon the broom-corn described in the declaration. The levy was made upon the broom-corn as being the property of the judgment debtor, Eric Gabrielson, but appellee claimed to be the owner of said property.

Upon the trial below a jury was waived, and the cause was submitted by agreement for trial to the court without a jury. The cause was tried upon a stipulation as

to the facts, which stipulation, embodying the facts as agreed upon, was all the evidence introduced upon the trial.    The trial court found the issues for the plaintiff below, the appellee here, and entered judgment accordingly.  Swain, the sheriff, and the appellant here, prayed an appeal to the Appellate Court, where the judgment, rendered by the circuit court, was affirmed.  The present appeal is prosecuted from such judgment of affirmance.

Clearly, there is no question, either of fact or of law, presented by the record here for the consideration of this court.  The cause was tried below before the court without a jury by agreement, and no propositions were submitted to the court by either side to be held as law in the decision of the case.  Where there is a trial before the court without a jury, in order to present a question of law to this court the party should submit propositions of law to the trial court, as provided for in section 41 of the Practice act.  (*First Nat. Bank of Michigan City* v. *Haskell*, 124 Ill. 587; *Northwestern Mutual Aid Ass.* v. *Hall*, 118 id. 169).   As no propositions of law were submitted on the trial below, no question of law arises here upon the record; and all the questions of fact are settled by the judgment of the Appellate Court.

Section 41 of the Practice act, providing for written propositions of law, is applicable as well where the facts are agreed upon, as where they are presented by testimony taken.    (*Grabbs* v. *City of Danville,* 166 Ill. 441; *Bolton* v. *Johnston,* 163 id. 234; *Chicago, Burlington and Quincy Railroad Co.* v. *City of Ottawa,* 165 id. 207).

Accordingly, the judgment of the Appellate Court is affirmed.                                *Judgment affirmed.*