THE MUTUAL PROTECTIVE LEAGUE

*v.*

NANCY McKEE, Admx.

*Opinion filed October 23, 1906.*

1. APPEALS AND ERRORS—*when alleged error in overruling of demurrer is waived.* Alleged error in overruling a demurrer will be deemed waived on appeal, where the case was heard and decided by the court on a stipulation of facts after a jury was waived.

2. SAME—*when propositions of law are necessary.* Except as to questions arising during the progress of the trial upon the rulings of the court upon pleadings, the admissibility of evidence and kindred subjects, questions of law can only be preserved for review, when the trial is without a jury, by presenting propositions to. be held by the court as the law of the case, even though the hearing is upon agreed facts.

3. SAME—*when no question of law is presented.* On a hearing by the court without a jury upon a stipulation of facts, if no question is raised in regard to the admission or exclusion of evidence and no propositions are submitted to the court to be held as the law there is no question of law presented for decision on appeal.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of Madison county; the Hon. CHARLES T. MOORE, Judge, presiding.

DAVID R. KINDER, (THOMAS M. JETT, of counsel,) for appellant.

SPRINGER & BUCKLEY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an action in assumpsit brought by the appellee against the appellant, a fraternal beneficiary society doing business in Illinois and surrounding States. Albert B. McKee on the 7th of June, 1897, made application to become a member of such order, and on the same day a certificate of membership was issued to him providing that in case of his death there would be paid from the benefit fund an amount

not to exceed $2000 to his mother.   He committed suicide on March 17, 1903, having paid all his assessments previous to that time.   His mother, Julia McKee, died in June, 1903, and appellee was appointed administratrix with the will annexed of her estate, and brought this suit on the certificate of insurance to collect the amount named therein.   Appellant filed two pleas to the declaration, setting out that there was a suicide clause in the application and in the constitution of the fraternal society, and that appellee could only recover the sum of $48, the amount paid by said Albert B. McKee into the benefit fund of the order.   To these pleas appellee filed three replications, the first and second of which traversed the pleas and the third setting up a provision of the constitution of the order alleging that said certificate was incontestable, and that the order was estopped from denying payment on account of said Albert B. McKee having committed suicide.   To this last replication the appellant demurred, and the court overruled the same.   Afterwards a jury was waived and the cause was tried by the court upon a stipulation of facts.   The court found the issues for the plaintiff and rendered judgment for $2000.   To this finding and judgment of the court the defendant excepted.   The case was appealed to the Appellate Court, where the judgment was affirmed.

No question was raised on the hearing in the trial court in regard to the admission of evidence, and written propositions were not submitted to the court in the decision of the case.   Appellant did not except to the overruling of its demurrer, and even if it had, the exception would be deemed waived on appeal where afterwards, as in this case, a jury was waived and on stipulation of facts the case was heard and decided by the court.   (*Green Co.* v. *Blodgett,* 159 Ill. 169; *Chicago and Alton Railroad Co.* v. *Clausen,* 173 id. 100.)   This court has uniformly held that except as to questions arising during the progress of the trial upon the rulings of the court upon pleadings, the admissibility of evidence

and kindred subjects, questions of law can only be preserved and presented to this court when the trial is before the court without a jury, by written propositions in accordance with section 42 of the Practice act. In *Grabbs* v. *City of Danville,* 166 Ill. 441, where a jury was waived and the case was submitted on a stipulation of facts, it was argued that the statute providing for written propositions of law did not apply, as the facts were agreed upon. In that case the question as to the validity of an ordinance was involved, and this court held that to raise that question it must be done by submitting a proposition to be held as law by the court, otherwise it could not be presented on appeal. In *Bolton* v. *Johnston,* 163 Ill. 234, this court said (p. 237) : "If, under the written contract upon which the action was predicated, which was read in evidence, defendant desired a construction of the contract by the court, the decision of the court upon that question could have been obtained by an appropriate proposition of law submitted to the court for decision." Section 42 of the Practice act is applicable as well where the facts are agreed upon as where they are presented by testimony. (*Swain* v. *First Nat. Bank,* 201 Ill. 416.) Where in the trial court, as on this hearing, no question was raised in regard to the admission or exclusion of evidence and no written propositions were submitted to the court to be held as law, this court has frequently held that no question of law is presented on appeal for decision. *German Ins. Co.* v. *Orr,* 171 Ill. 203; *Chicago, Burlington and Quincy Railroad Co.* v. *City of Ottawa,* 165 id. 207; *City of Alton* v. *Foster,* 207 id. 150; *Ross-Lewin* v. *Goold,* 211 id. 384; *Myers* v. *Union Nat. Bank,* 128 id. 478; *Crean* v. *Hourigan,* 158 id. 301; *Hobbs* v. *Greifenhagen,* 194 id. 73; *Exchange Nat. Bank* v. *Chicago Nat. Bank,* 131 id. 547.

The grounds upon which this decision is reached are so fully stated in the cases referred to that it would be a useless repetition to re-state them here. The judgment of the Appellate Court is accordingly affirmed.        *Judgment affirmed.*