## McClain Bercaw, Appellee, v. Bruce Sims, Appellant.

1. PRACTICE—*when propositions of law required.* Section 42 of the Practice Act providing for the submission of written propositions of law is applicable as well where the facts are agreed upon as where they are presented by testimony.

2. APPEALS AND ERRORS—*when question of law not preserved.* Where in the trial court any question is raised in regard to the admission or exclusion of evidence and no propositions are submitted to the court to be held as law, no question of law is presented on appeal for decision.

Appeal from the Circuit Court of Edgar county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 14, 1911. Rehearing denied November 11, 1911.

F. W. DUNDAS, for appellant.

F. C. VAN SELLAR, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Upon a trial of this cause without a jury, judgment

was rendered in favor of the plaintiff for the sum of $120. The defendant appeals. The material facts involved were stipulated by counsel upon the trial, and show that Sims, the defendant, was the promoter, and one Merkle, the treasurer, of the Hunter Mining Company; that Sims represented to the stockholders of this company that he held an option to purchase a certain mining lease for $18,000, and that he would sell such lease to the company for the same price. As a matter of fact, Sims held an option to purchase the lease for $10,000, which fact was known to Merkle, but not to the other stockholders. Merkle, as treasurer of the mining company, was thereupon authorized by and on behalf of the company, to purchase the lease from Sims for $18,000. He ostensibly did so, but Sims at once paid back to him $4,000, and retained the remaining $4,000. Afterward, the stockholders of the mining company learned of the foregoing facts, and Merkle, in order to avoid suit, paid back $4,000 to the stockholders of the company, and was released by them from all liability of every kind, growing out of the transaction. Thereafter the plaintiff, Bercaw, and certain other stockholders, brought the present and other suits against Sims and obtained judgments against him for their proportionate part of the $4,000, retained by him.

The only error assigned for reversal is that the trial judge erred in finding the issues for the plaintiff, for the reason, as claimed, that Merkle and Sims were joint tort feasors and that the settlement with and release of Merkle was a bar to the bringing of any subsequent suit against Sims. The question thus presented is purely one of law. No written propositions were submitted to the court to be held as law in the decision of the case. Section 42 of the Practice Act providing for the submission of written propositions of law, is applicable as well where the facts are agreed

upon, as where they are presented by testimony. Where in the trial court no question is raised in regard to the admission or exclusion of evidence, and no propositions are submitted to the court to be held as law, it has been frequently held that no question of law is presented on appeal, for decision. Mutual Protective League v. McKee, 223 Ill. 364.

The judgment of the circuit court is accordingly affirmed.

*Affirmed.*