ROSWELL W. WELD, Defendant in Error, *vs.* THE FIRST NATIONAL BANK OF ENGLEWOOD, Plaintiff in Error.

*Opinion filed June 21, 1912.*

1. BUILDING CONTRACTS—*when architect's certificate is a condition precedent to right to demand payment.* Where a building contract provides that the final certificate of the architect is to be conclusive evidence of the performance of the contract, such certificate, showing the amount due, is a condition precedent to the right to demand payment and can only be attacked for fraud or mistake.

2. SAME—*construction of a written contract and of architect's certificate is for the court.* Where a contractor, in a suit for the balance due under a building contract, offers in evidence the written contract and the final certificate of the architect, the construction of such contract and certificate is a question for the court.

3. SAME—*when architect has authority to decide question of deduction for delay in work.* Where a building contract provides that the contractor shall pay a certain sum per day as liquidated damages in case he fails to complete the work on time, but that delay caused by specified conditions shall be added to the time specified for completing the work and that the architect shall determine how much extension the contractor is entitled to, the architect has authority to determine what deduction is chargeable to the contractor for delay.

4. SAME—*when architect's certificate must be considered as a whole.* Where a building contract leaves to the decision of the architect the questions of the amount due and the amount to be deducted for the contractor's delay in completing the work the architect's final certificate must be considered as a whole, and it

is error to consider only the statement of the amount due and ignore the statement that the contractor was a certain number of days behind time in completing the work, for which the contract provided a specified penalty per day.

5. PRACTICE—*when propositions of law are unnecessary.* In a trial by the court without a jury, where the only questions are questions of law arising on the construction of written instruments, the court's decision of those questions appears from its findings in the record and is subject to review by an appellate tribunal though the defeated party presented no propositions of law setting forth the construction of the instruments according to his theory.

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding.

WILLIAM A. DOYLE, (JOSEPH J. THOMPSON, of counsel,) for plaintiff in error.

McEWEN, WEISSENBACH, SHRIMSKI & MELOAN, (ISRAEL SHRIMSKI, of counsel,) for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A branch of the Appellate Court for the First District affirmed a judgment recovered by defendant in error on a trial by the court without a jury in the municipal court of Chicago against plaintiff in error for $1322.52, the balance claimed under a contract by which the defendant in error was to furnish the material and perform the granite work for a bank building for plaintiff in error. A petition for a writ of *certiorari* was presented to us and granted, and the record is in this court for review.

The plaintiff offered in evidence the written contract upon which the suit was brought, which provided that the work should be done for a total contract price of $5500, under the direction of the architect, upon whose certificates payments were to be made, and the final certificate of the

architect was to be conclusive evidence of the performance of the contract. The work was to be wholly finished by December 1, 1906, and if not completed by that time the plaintiff was to pay to the defendant $25 per day for each and every day thereafter that the work remained unfinished, as and for liquidated damages. Following the agreement for damages for delay was this provision:

"Art. VII.—Should the contractor be delayed in the prosecution or completion of the work by the act, neglect or default of the owner, of the architect, or of any other contractor employed by the owner upon the work, or by any damage caused by fire or other casualty for which the contractor is not responsible, or by general strikes or lockouts caused by acts of employees, then the time herein fixed for the completion of the work shall be extended for a period equivalent to the time lost by reason of any or all the causes aforesaid, which extended period shall be determined and fixed by the architect; but no such allowance shall be made unless a claim therefor is presented, in writing, to the architect within forty-eight hours of the occurrence of such delay."

The plaintiff then offered in evidence the following certificate of the architect:

| | | | |
|---|---|---|---|
| "Bldg. No. *176.* | | $1211.50. | Sept. 3rd, 1907. |

"Bldg. No. *176.*  Certificate No. *65.*

$1211.50.     Sept. 3rd, 1907.

To *First Nat. Bank of Englewood:*

This is to certify that *R. W. Weld & Co.,* contractor for the *granite work* of your building *at Nos. 443-445 W. 63rd. St., Chicago, Ill's,* is entitled to a *final* payment of *one thousand two hundred eleven & 50/100* dollars, by the terms of contract.  *Julian Barnes,* Architect.

Contract
   price, -   $5500.00
Extra work, $ . . . . . . .
Deduction, - $ . . . . . . .
Total,  - - - $5500.00

Former certificates, - $4288.50
Present certificate, - $1211.50
Total,  - - - $5500.00
Balance, - - $ . . . . . . .

Remarks: *This contractor was forty-eight (48 days) days beyond the time specified for finishing the work under his contract, for which the contract provides a penalty of $25.00 per day. Statement showing that the building is free from claims to accompany this certificate.*
                  *J. B.*"

The certificate was on a printed form, in which the amounts were inserted by the architect, and the written parts appear in the foregoing copy in italics. There were check-marks in ink (not shown on the copy) in the blank spaces opposite the words "Extra work, $......," "Deduction, $......" and "Balance, $......" These check-marks are such as are usually made in checking over invoices or lists of articles. The plaintiff offered no other evidence, and the defendant offered to prove that the architect decided that there was a deduction from the balance remaining unpaid on the contract price for forty-eight days' delay at $25 per day. The offer was objected to and the objection sustained, and there was no further evidence in the case. The defendant tendered to the plaintiff $11.50, which was refused. The court then made the following findings of law:

"The court finds that the architect's certificate put in evidence is, under the contract, binding and conclusive; that said certificate entitled the contractor, R. W. Weld & Co., to a final payment of $1211.50, with interest at five per cent from its date; that the notation following under 'Remarks' does not govern as to the amount shown to be due, and that parol evidence is not admissible as to the meaning of the certificate or the amount due."

The defendant moved for a new trial, and, the motion being denied, entered a motion in arrest of judgment, which was also denied and judgment was entered.

The construction of the contract and certificate was for the court as a matter of law. The court construed the certificate as certifying that the plaintiff was entitled to a final payment of $1211.50 at its date, and the statement therein that the contractor was forty-eight days beyond the time specified for finishing the work under his contract, ·for which the contract provided a penalty of $25 per day, as having no effect or not governing as to the amount shown to be due by the certificate. The Appellate Court

took the view that the architect had no authority to certify as to any delay in the completion of the contract because he had not been given any authority to certify in relation to that question. The certificate was on a blank form, on which spaces were provided for the contract price, the amount of former certificates and the present certificate, equaling the total contract price. Amounts were set down showing that the final payment of the contract price would amount to $1211.50, but the architect certified that the contractor was forty-eight days beyond the time specified for finishing the work, under which the contract provided a penalty of $25 per day. The certificate was certainly intended to state the balance of the contract price and the deduction to which the defendant was entitled under the contract, and it should be taken as a whole. In our opinion the construction given to it by the trial court was erroneous.

We are also of the opinion that the Appellate Court erred in the conclusion that the length of the delay for which the defendant was entitled to a deduction was a matter concerning which the architect had no authority. The contract was that there should be a deduction of $25 a day for liquidated damages for failure to complete the work by December 1, 1906, but that if the delay was occasioned by the neglect or default of the owner, or any of the other causes mentioned, the time fixed for the completion of the work should be extended for a period equivalent to the time lost by reason of any or all of said causes, which extended period should be determined and fixed by the architect. By the terms of the contract the architect was authorized to determine what period of delay was chargeable to the plaintiff for which a deduction should be made. The trial court did not err in rejecting the offer of the defendant to prove what the architect had decided, since the certificate showed what his decision was. The parties having agreed that the architect should decide cer-

tain questions, his certificate concerning matters referred to his decision was admissible in evidence, and his certificate that there was an amount due was a condition precedent to the right to demand payment and could only be attacked for fraud or mistake. *Hennessy* v. *Metzger,* 152 Ill. 505.

It is urged that inasmuch as the defendant did not submit propositions of law to the trial court embodying its theory applicable to the facts of the case there is no question open to review in this court. The defendant introduced no evidence and there was no controverted question of fact to be settled by the decision of the Appellate Court. The construction of the written instruments, which were the only evidence in the case, was a matter of law for the trial court, and that court made findings as above stated. It would have served no purpose for the defendant to have presented a proposition of law as to the construction of the contract and certificate in addition to the findings of the court respecting them. The only questions in the case are questions of law, and the decision of the trial court respecting them is shown by the record.

After the judgment was rendered the defendant moved to vacate it on the ground that if the construction given to the certificate by the court was correct there had been a mistake of the architect and that a new certificate had been issued for the sum of $11.50. The motion was supported by the affidavit of the architect that his decision was that there was due plaintiff but $11.50 and that he had made a new certificate and tendered the same to plaintiff for that sum. The motion was denied, but there is no occasion to consider the ruling, because we have held the construction given to the certificate by the trial court was wrong.

The judgments of the Appellate Court and municipal court are reversed and the cause is remanded to the municipal court.        *Reversed and remanded.*