## Overland Motor Company, Plaintiff in Error, v. W. G. Tennant, Defendant in Error.

## Gen. No. 20,788.

1. CONTRACTS, § 389*—*when construction a question for jury.* The question of the construction of a written contract is a question of law.

2. CERTIORARI, § 54*—*what effect of denial of writ.* Denial of the Supreme Court of a writ of certiorari to review a judgment of the Appellate Court may in a particular case be regarded as an affirmance of the views expressed by the Appellate Court in the case sought to be reviewed.

3. APPEAL AND ERROR, § 528*—*where writ of error presents no question for review.* Where questions of law which govern a case are not raised either by objections to rulings on evidence or on some motion, and no propositions of law are submitted to the trial court, an appeal or writ of error will present no questions for review.

4. NEW TRIAL, § 124*—*when assignment of error on denial of motion insufficient.* Assignments of error based on the denial of a motion for a new trial in a case tried by the court without a jury, or on the denial of a motion in arrest of judgment, where the record shows no ground for such motion, are not well taken and a writ of error based thereon will present no questions for review.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5.  APPEAL AND ERROR, § 1040*—*when assignment of error not suffi-
cient.* Assignments of error which do not point out the particular
errors on which the assignments are predicated, which errors are not
apparent from the record, are not well taken, and a writ of error
based thereon presents no question for review.

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY,
Judge, presiding. Heard in the Branch Appellate Court at the
October term, 1914. Affirmed. Opinion filed October 5, 1915.

WILLIAM A. JENNINGS, for plaintiff in error.

HENRY ROTH and CHARLES P. R. MACAULEY, for de-
fendant in error.

MR. JUSTICE BARNES delivered the opinion of the
court.

This was an action upon a written contract tried
before the court without a jury. Whether the plaintiff,
who is plaintiff in error here, was entitled to recover
depended upon the construction the court put upon the
contract, as practically admitted by the parties at the
close of the evidence. That involved a question of
law, but no propositions of law were submitted to the
court to be held as such, nor were there any rulings on
evidence that present the questions of law argued.
We have no means, therefore, of determining what
principles of law the court applied to the contract
herein.

We held in *Flodin v. W. H. Lutes Co.,* 191 Ill. App.
195, that the necessity for submitting propositions of
law to the trial court, in order to bring up for review
the principles of law governing the case, obtains here
as well as in the Supreme Court. Denial of a writ of
certiorari in that case by the Supreme Court must be
regarded as sustaining that view. The rule has been
frequently applied in that court. *Swain v. First Nat.
Bank of Hutchinson,* 201 Ill. 416; *Chicago, B. & Q. Ry.
Co. v. City of Ottawa,* 165 Ill. 207; *Grabbs v. City of
Danville,* 166 Ill. 441; *Jacobson v. Liverpool-London &*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

*G. Ins. Co.*, 231 Ill. 61. In the *Grabbs* case, *supra*, the court said that where on a trial before the court without a jury a party desires to protect himself against any erroneous view the court may entertain in regard to the law which governs the case, he should pursue the mode provided in the statute for submission of written propositions of law, and that "unless this course is pursued, no question of law will be presented by the record for review on appeal or writ of error." This is a well-settled rule and obtains where the question of law is not raised otherwise by objections to the rulings of the court on the admission or exclusion of evidence or on some motion. *Chicago Union Traction Co. v. City of Chicago*, 202 Ill. 576. In the case before us there were no such rulings, and the only motions made by plaintiff in error were a motion for a new trial, which in a case tried by a court without a jury preserves no question for review (*Climax Tag Co. v. American Tag Co.*, 234 Ill. 179), and a motion in arrest of judgment, which there is nothing on the face of the record to justify. The assignments of error as to the refusal to grant these motions are, therefore, not well taken.

The other assignments of error are that the court erred in finding the issues for the defendant below, and in entering judgment against plaintiff in error, but the particular errors committed upon which these assignments were predicated are not pointed out, nor apparent from the record. There is, therefore, nothing presented for review, and the judgment will have to be affirmed.

*Affirmed.*