(No. 15450.—Judgment affirmed.)

THE PRESSED STEEL EQUIPMENT COMPANY, Appellant, *vs.*
THE THORNBURGH PRESSTEEL COMPANY *et al.*—(THE
COMMERCIAL ACCEPTANCE TRUST, Appellee.)

*Opinion filed April 14, 1924—Rehearing denied June 5, 1924.*

APPEALS AND ERRORS—*when question of law is not presented for review in Supreme Court.*  In a garnishment proceeding tried without a jury, where no propositions of law were submitted, no motion made to find for the plaintiff and no question raised as to the admission and exclusion of evidence, the question of law whether the garnishee, who was the holder of accounts of the debtor in attachment for the purpose of collection, should account to the plaintiff for collections received between the time of the filing of its answer and the hearing, is not presented in the Supreme Court after the Appellate Court has affirmed a judgment of the trial court for the amount collected up to the filing of the answer.  (Contrary expressions in *P., C., C. & St. L. Ry. Co.* v. *Chicago City Railway Co.* 300 Ill. 162, overruled.)

APPEAL from the Second Division of the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. ROBERT E. GENTZEL, Judge, presiding.

WALTER H. ECKERT, WARREN B. BUCKLEY, and LOUCKS, ECKERT & PETERSON, for appellant.

WINSTON, STRAWN & SHAW, (JOHN C. SLADE, HAROLD BEACOM, and EDWARD G. INCE, of counsel,) for appellee.

Per CURIAM:  The appellant brought an attachment suit in the municipal court of Chicago against the Thornburgh Pressteel Company as principal debtor and served the appellee, the Commercial Acceptance Trust, as garnishee.  In the hearing on the attachment a judgment was entered against the Thornburgh Pressteel Company (hereinafter referred to as judgment debtor) in the sum of $5588, and in the issue made up on the garnishment proceeding, the court, on trial without a jury, entered a judgment against the Commercial

Acceptance Trust (hereinafter referred to as garnishee) in the sum of $708.72. The judgment in garnishment was appealed to the Appellate Court for the First District. That court affirmed the judgment, issued a certificate of importance and granted an appeal to this court.

·Appellant contends that the judgment against the garnishee should have been for the sum of $4622.55.

On the 15th day of March, 1919, the judgment debtor entered into a certain agreement with the garnishee, in and by which it is expressed, in substance, that the Thornburgh Pressteel Company is desirous of selling to the Commercial Acceptance Trust its accounts receivable, notes, acceptances, leases, mortgages, contracts and choses in action, therein designated as accounts, evidencing sales and deliveries of personal property usually dealt in by the Thornburgh Pressteel Company; that in consideration of the premises the parties agreed that the Commercial Acceptance Trust would from time to time during the continuance of the agreement purchase such of said accounts belonging to the Thornburgh Pressteel Company as should be acceptable to the Commercial Acceptance Trust and pay therefor one hundred per cent of the net face value of the accounts purchased, "less a charge equal to the legal rate of interest on the money outstanding thereon, of which seventy-seven per cent of the net face value thereof shall be paid in cash upon acceptance thereof by the second party, and the remaining twenty-three per cent, less any deductions and plus any over-payments by the debtors and less total charges as shown in lines 38 to 42 hereof, to be paid immediately upon payment of any such accounts to second party, provided that no payments of any such remainder need be made so long as any accounts purchased hereunder are affected by any breach or violation of warranty hereunder, but such remainder, and any moneys, accounts or property of the first party which may come into possession of second party, may be held and later applied to the payment of any accounts or any indebt-

edness." The second clause of the contract provided for remittances to be paid at the office of the Thornburgh Pressteel Company, and that representatives of the Commercial Acceptance Trust might have the privilege of inspecting and auditing the books at the expense of the former. The third clause provided that the Commercial Acceptance Trust would place its collection department at the disposal of the Thornburgh Pressteel Company and upon request endeavor to collect direct. This clause also makes other provisions relative to the working relation between the parties. The fourth clause provides for the total compensation to be paid for such services rendered, as follows:

"*Fourth*—The total compensation to be paid by first party for all services and other considerations specified in lines 18 to 37 hereof, and for the charge as mentioned in line 11 hereof, it is hereby agreed shall be one-thirtieth of one per cent (1/30 of 1%) of the net face value of accounts for each day from date of purchase by and until paid to second party, plus five dollars per $1000 only on the first $100,000 of accounts purchased within any twelve successive months' period."

The fifth clause sets forth the warranties referred to in the first clause and provides that the Thornburgh Pressteel Company warrants that "(*a*) first party, and each debtor named in an account, is solvent and will remain so until maturity thereof; (*b*) there will be no suspension of business, request for general extension, bankruptcy petition, or any act amounting to a business failure by or against first party or any debtor; (*c*) every account purchased hereunder and any settlement received thereon will be paid in full at maturity in cash or Chicago par funds; (*d*) prompt payment will be made to second party of any allowance or credit offered for sale to second party; (*e*) each amount offered for sale to second party shall represent à *bona fide* sale and delivery of property usually dealt in by first party, and shall be for a certain, undisputed, liquidated claim

or demand which is due or to become due on the dates set forth; (*f*) first party will not sell or assign any of its own accounts elsewhere without first giving ten days' written notice to second party of such intention." The sixth clause provides for an assignment in writing of all accounts thus sold and purchased, and that the Commercial Acceptance Trust may become subrogated to all the rights in each of said accounts of the Thornburgh Pressteel Company. The seventh clause provides that in case of breach of warranty the Commercial Acceptance Trust shall be entitled to receive damages arising out of such breach, including attorneys' fees, expenses, court costs, etc. The eighth clause appoints attorneys in fact of the Thornburgh Pressteel Company, with power to receive, open and dispose of all mail addressed to it; to indorse its name upon any notes, acceptances, checks, drafts, money orders or other evidences of payment or collateral that may come into its possession as payments of or on accounts purchased under said contract. The ninth clause provides that no change shall be made in the contract except in writing, duly entered into by the parties.

In answer to interrogatories filed in the municipal court the garnishee set up this contract, and alleged that at the time of service of the writ, July 31, 1919, it was not indebted to the judgment debtor, but that after that time, and up to the time of filing its amended answer, on August 27, 1919, the sum of $1017.89 became due it from the garnishee on the accounts purchased under the contract. The answer was traversed, and on the trial the court found that on the date of the answer the garnishee owed the judgment debtor the sum of $1017.89, less $309.17 due it under the agreement, and entered judgment for the sum of $708.72 as the difference between the amounts.

It was on the trial admitted by the garnishee that it had collected, after the filing of the answer and before the hearing herein, (some two years later,) the entire twenty-

three per cent referred to in the contract, amounting, less
deductions, to the sum of $4622.55, which sum, less that ad-
mitted due by the answer in the garnishment proceedings,
it had remitted to the judgment debtor.  This is the amount
claimed by appellant.

Appellee contends that as the trial was by the court and
no propositions of law were submitted, no demurrer to the
evidence or motion to find for appellant, and no question
having been raised as to the admission and exclusion of evi-
dence, no question of law is presented to this court for re-
view and the judgment of the Appellate Court is conclusive.

It must be admitted there is some confusion in the de-
cisions of cases coming to this court from the Appellate
Court.  *American Exchange Nat. Bank* v. *Chicago Nat.
Bank,* 131 Ill. 547, was an action of assumpsit.  After plea
filed and issue joined the case was submitted to the court
for trial without a jury.  There was a judgment for plain-
tiff, which on appeal to the Appellate Court was affirmed.
There was no conflict in the testimony, and the question of
law sought to be raised was whether, under the uncontro-
verted facts, the judgment was erroneous.  The court said:
"It has been held by this court in numerous cases, that
where a declaration alleges a good cause of action, and
there is issue thereon and a trial is had before the court
without a jury, and no questions of law are raised at the
trial in regard to the admission or exclusion of evidence,
and no propositions of law are submitted to the court, pur-
suant to the statute, to be ruled upon, and the judgment
entered by the trial court is affirmed by the Appellate Court,
no question of law can arise in this court in respect to the
finding of the trial court, and the judgment of the Appel-
late Court must necessarily be affirmed."

In *Bolton* v. *Johnston,* 163 Ill. 234, the action was to
recover damages for breach of a contract.  The trial was
by the court upon an agreed statement of facts.  There was
judgment for the plaintiff, which on appeal to the Appel-

late Court was affirmed. On the trial of the case no objection was made to the admission of any evidence and no propositions of law were submitted to be held by the court. This court held that where the declaration alleged a cause of action, issues were made by pleas, trial had before the court without a jury, and no objections made to the admission or exclusion of evidence and no propositions of law were submitted, when the judgment is affirmed by the Appellate Court no question of law can arise in this court in regard to the finding of the trial court but the judgment of the Appellate Court is conclusive and must be affirmed. In that case the action was based on a written contract, which was introduced in evidence, and upon that question the court said, if a construction of the contract was desired it might have been obtained by submitting an appropriate proposition of law to the court, and a ruling on any other legal question might have been obtained in the same way. The court cites and quotes at length from *Cothran* v. *Ellis,* 125 Ill. 496, in support of the decision.

*Grabbs* v. *City of Danville,* 166 Ill. 441, was an action begun before a police magistrate for an alleged violation of a city ordinance. Plaintiff recovered and defendant appealed to the circuit court. In that court a jury was waived and the case heard before the court on an agreed statement of facts, resulting in a judgment for plaintiff, which was affirmed by the Appellate Court. At the trial in the circuit court no question was raised as to the admission or exclusion of evidence and no propositions of law were submitted to the court. This court said: "Under such a state of facts this court has often held that no question of law is presented on appeal or writ of error for decision,"—citing *Bolton* v. *Johnston, supra,* and *Chicago, Burlington and Quincy Railroad Co.* v. *City of Ottawa,* 165 Ill. 207.

The action in *Mutual Protective League* v. *McKee,* 223 Ill. 364, was on a death benefit certificate, and defendant filed pleas denying liability. After the issues were joined

a jury was waived and the case tried by the court upon a stipulation of facts. The court rendered judgment for plaintiff, which was affirmed by the Appellate Court. The court said: "This court has uniformly held that except as to questions arising during the progress of the trial upon the rulings of the court upon pleadings,. the admissibility of evidence and kindred subjects, questions of law can only be preserved and presented to this court, when the trial is before the court without a jury, by written propositions in accordance with section 42 of the Practice act." The court cites and approves *Grabbs* v. *City of Danville, supra,* and *Bolton* v. *Johnston, supra.*

*Conway* v. *Garden City Paving Co.* 190 Ill. 89, was an action of assumpsit. After issues joined, a jury was waived and the case submitted to the court on an agreed statement of facts in writing. Judgment was rendered for plaintiff, which was affirmed on appeal to the Appellate Court. In the trial court the defendant moved the court to find the issues for him, which motion the court denied. This court reviewed the judgment of the Appellate Court and reversed it. In the opinion the court said it had held that in a trial before the court it is proper to raise a question of law for review in this court by demurrer to the evidence, propositions of law submitted to the court or a motion to find for the party. This court held the contract sued on was fraudulent and illegal, and that question of law was preserved by the motion of defendant to find for him.

In *Babbitt* v. *Grand Trunk Western Railway Co.* 285 Ill. 267, it was held that when an action at law is tried without a jury and no question is raised as to the admission or exclusion of evidence and no propositions of law are submitted but the defendant moves for judgment in his favor, the overruling of the motion presents a question of law for review by this court in a case coming here from the Appellate Court. The court said, when there is no controversy as to the facts, what is the proper judgment to

be rendered may be raised as a question of law by demurring to the evidence, by propositions to be held as law or by motion to find for the party. The court further said, if none of those methods had been adopted no question would have been preserved for review by this court.

Appellant seemingly concedes the cases cited above, or some of them, hold that the method of preserving a question of law for review in this court in a case brought here by appeal or writ of error from the Appellate Court is by demurrer to the evidence, propositions of law or motion to find in the trial court, but insists the cases do not say those are the only ways in which the question can be preserved, and refers to *Weld* v. *First Nat. Bank,* 255 Ill. 43, and *Pittsburgh, Cincinnati, Chicago and St. Louis Railway Co.* v. *Chicago City Railway Co.* 300 id. 162. The *Weld case* involved the construction of a written instrument and the trial court held a proposition of law construing it. In the last case cited the decision is apparently based on the proposition that a question of law may be raised by an exception to the judgment, but since under the Practice act as it now exists the judgment may be inquired into without preserving exceptions to it, a question of law as to the correctness of the judgment may be preserved without resort to the submission of propositions of law or any of the other methods held necessary in numerous previous decisions. We think the former decisions are sound and should not be overruled, and that the case of *Pittsburgh, Cincinnati, Chicago and St. Louis Railway Co.* v. *Chicago City Railway Co. supra,* in so far as it departs from the previous decisions, should not be adhered to. It was pointed out in *Bradish* v. *Yocum,* 130 Ill. 386, that the rule is not the same in cases coming directly to this court from the trial court.

We are of opinion that under our repeated decisions, covering a period of a quarter of a century, none of which have been overruled and the soundness of none of them

affected by any later decisions, no question of law is preserved for our consideration in this case, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*