Herlihy Mid-Continent Company, Appellant, v. City of Chicago, Appellee.

Gen. No. 43,793.

Opinion filed April 21, 1947. Released for publication May 5, 1947.

T. A. SHEEHAN, of Chicago, for appellant.

BARNET HODES, Corporation Counsel, for appellee; JOHN J. MORTIMER, Head of Public Improvements Division, JOHN C. MELANIPHY, FRANCIS S. LORENZ and WALTER V. LESAK, Assistant Corporation Counsel, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff brought an action in the superior court of Cook county to recover upon a written contract between the parties, dated December 10, 1938, for the construction in North State street of a section of the Chicago subway. Two separate claims were made in the complaint, one of which has been abandoned by plaintiff upon this appeal, the other in the total sum of $43,904.80, which it seeks to recover under article 25 of the contract. A trial without a jury resulted in a judgment for defendant, from which plaintiff prosecutes this appeal.

It is the theory of plaintiff that under the contract the work was to begin not later than December 17, 1938, and was to be completed within 250 calendar days thereafter, or by August 25, 1939; that the work was delayed until November 8, 1939, on account of an act of delay of the City, and that under article 25 of the contract plaintiff is entitled to compensation to cover the expenses of the contractor for the "proper maintenance" of the work and of the plant, materials and

equipment of the contractor during or on account of the delay or delays caused by the City.

It is the theory of the defendant that the delay was not due to any fault of the City; that the ordered change in the procedure of construction was justified and authorized by the contract; that the necessity for such change of procedure was to be determined by the engineer, and his determination shall be final and conclusive on the parties; that in no event is plaintiff entitled to recover because of the provision in the same article 25 of the contract, which reads: ". . . The Commissioner shall determine the number of days, if any, that the Contractor has been so delayed and the amount of such extra costs to the Contractor due to said delay or delays and the amount of extra compensation to be paid to the Contractor therefor and his decison shall be final and binding . . ."; that again in article 25 it is provided: ". . . that the engineer shall in all cases decide every question of an engineering character which may arise relative to the execution of the work under this contract on the part of the said Contractor, and his decision shall be final and conclusive on both parties hereto; and such decision, in case any question may arise, shall be a condition precedent to the right of said Contractor to receive any money or compensation for anything done or furnished under this contract"; that under this latter provision it was a condition precedent that plaintiff obtain a decision and certificate from the engineer that the City had caused the delay, and that plaintiff was entitled to compensation for maintenance under the provisions of the contract. Not having obtained such a decision or certificate from the engineer as a condition precedent, plaintiff was not entitled to demand payment or maintain this action.

It appears from the evidence, and it is admitted by plaintiff on this appeal, that the engineer, when he ordered the change in the procedure of construction,

acted in good faith to insure greater security and safety for property and persons involved in the construction, and to prevent change of the movement of the earth, which occurred when the construction progressed. In the light of this admission, and the requirement under the contract that plaintiff obtain a certificate from the engineer that it was entitled to the compensation claimed, or that the delay was due to the fault of the City, the plaintiff failed to meet the condition precedent to justify its demand for additional payment or its right to maintain the action, as contended for by defendant. The provision in this contract with regard to the necessity of complying with the condition precedent is not unlike the cases of construction contracts, which require the issuance of a certificate by the architect before the contractor is entitled to payment.

In *Weld v. First Nat. Bank of Englewood,* 255 Ill. 43, at page 47, it is said: "The parties having agreed that the architect should decide certain questions, his certificate concerning matters referred to his decision was admissible in evidence, and his certificate that there was an amount due was a condition precedent to the right to demand payment and could only be attacked for fraud or mistake."

It is not claimed here that the engineer for defendant, through fraud or mistake, refused or failed to issue a certificate to satisfy the condition precedent, but on the contrary, it is admitted by plaintiff that the engineer acted in good faith. The plaintiff having failed to meet the condition precedent, required under this contract, as pointed out, the trial court was correct in denying plaintiff's claim and entering judgment for defendant.

Plaintiff relies upon *Herlihy Mid-Continental Co. v. Sanitary District,* 390 Ill. 160, as holding that the provisions of this contract imposing the condition precedent are not binding. A reading of the case will

disclose no such holding, but the compensation allowed in the case cited was upon the ground of the arbitrary and unjustified refusal on the part of the Sanitary District to issue the proper certificates for payment, which caused a suspension of work. The refusal to make payments to the contractor was due entirely to the lack of funds of the Sanitary District.

The judgment of the superior court is affirmed.

*Judgment affirmed.*

O'CONNOR, P.J., and NIEMEYER, J., concur.