THE WEST CHICAGO PARK COMMISSIONERS

*v.*

METROPOLITAN WEST SIDE ELEVATED RAILROAD CO.

*Opinion filed October 13, 1899—Rehearing denied December 7, 1899.*

1. APPEALS AND ERRORS—*when remarks of judge cannot be assigned as error.* Remarks made by the judge in announcing his decision in a special assessment case, and which it is urged show that he entertained erroneous views as to the legal principles applicable to the cause, cannot be assigned as error when written propositions were not presented to be held as the law of the case.

2. SAME—*court's finding of fact on matter resting in opinion of witnesses not lightly disturbed.* The findings of fact by the trial court will not be disturbed, as against the weight of evidence, when based on conflicting testimony concerning a matter resting in the mere opinion of the witnesses.

3. PARKS—*a new assessment cannot reach property which has already paid as much as its benefits.* An application for the confirmation of a new special assessment levied under section 20 of the Park act of 1895, (Laws of 1895, p. 289,) to defray the cost of an improvement a former assessment for which has been held void, is properly denied where it appears that the property has not been benefited in a greater amount than that paid under the previous assessment.

APPEAL from the County Court of Cook county; the Hon. W. T. HODSON, Judge, presiding.

FRANCIS A. RIDDLE, and H. S. MECARTNEY, for appellants.

GARDNER & BURNS, (W. W. GURLEY, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was an application by the appellant commissioners for the confirmation of a new special assessment levied to defray the cost of the improvement of Douglas boulevard, in the city of Chicago, a former assessment for that purpose having been held void. The improvement was completed under the former assessment, and

this was a proceeding under section 20 of the act approved June 24, 1895, (Hurd's Stat. 1897, par. 159, chap. 105,) to levy and collect a new assessment on the property benefited. It appeared from the assessment roll that the sum of $7 per foot had been levied upon the property and collected under the previous assessment. The legal objections were determined by the court adversely to appellee. The objections that the property would not be benefited to the amount newly assessed thereon, and that it is assessed more than its proportionate share of the cost of the improvement, were, by agreement of the parties, submitted to the court for decision, a jury being waived. No exception was preserved to the ruling of the court as to the admissibility of evidence. No propositions were submitted to be held as the law in the case.

Three witnesses were sworn on behalf of the objector on the question of benefits, all of whom testified that, considering the use to which the lots were devoted, the property was not benefited by the improvement. Two of them testified that, considering every purpose to which the property might be devoted, it was not benefited more than $6 or $7 per front foot,—the sum that had already been paid under the former assessment. Two witnesses produced by appellants testified on the question of benefits. One of them expressed the opinion the property had been benefited to the amount of $25 a front foot, and the other that the value of the property had been increased by the improvement to the amount of $40 to $50 per front foot. The court found for the objector. In announcing this conclusion the court expressed, orally, opinions upon questions of law and fact involved. Counsel for the appellants argue it appears from such expressions the court entertained erroneous views as to legal principles applicable to the cause, and upon such insistence urge a reversal of the judgment. If counsel feared the court entertained erroneous views as to legal principles in-

volved, written propositions should have been presented
to be held as the law of the case, as is provided by para-
graph 42 of the Practice act.   The rulings of the court
on such propositions could have been preserved for re-
view in this court, but an assignment as for error cannot
be based on the remarks made by the judge in announc-
ing his decision.   (*Fitch* v. *Johnson*, 104 Ill. 111; *Chicago,
Burlington and Quincy Railroad Co.* v. *City of Ottawa*, 165 id.
207.)   In the absence of rulings on such propositions we
are to assume the court entertained correct views as to
the law.

The only question open for our consideration is whether
the judgment is so manifestly against the weight of the
evidence that we should hold the court erred in its find-
ings of fact.   Two witnesses were of opinion the prop-
erty had not been benefited more than $6 or $7 per front
foot and two others thought the benefits had been greater.
The trial court saw the witnesses and heard them testify.
The inquiry was as to a matter resting in the mere opin-
ions of witnesses.   The appearance of the witnesses, their
manner and deportment and their apparent intelligence,
capacity and judgment, were important factors in weigh-
ing their evidence and giving value to the opinions ex-
pressed by them, respectively.   There is no reason we
should declare the trial judge should have accepted the
testimony of any of these witnesses in preference to that
of any other of them.

Section 21 of the act approved June 24, 1895, under
which the proceeding is maintained, provides it shall be
the duty of the commissioners to credit on the new as-
sessment roll the payments that had been made under
the previous assessment.   It appeared from the assess-
ment roll filed herein that about $7 per front foot had
been paid under the former assessment proceeding for
benefits accruing from this improvement.   The conclu-
sion reached by the trial court is consistent with the
view it appeared from the evidence the property had not

been benefited more than the amount that had already been collected from it. That being true, the application for the assessment of an additional sum was properly denied.

The judgment is affirmed.        *Judgment affirmed.*