The Chicago Union Traction Company *et al.*

*v.*

The City of Chicago.

*Opinion filed April 24, 1903—Rehearing denied June 4, 1903.*

1. Special assessments—*effect where action is deferred on board's recommendation.* Deferring action upon the improvement board's recommendation does not preclude the city council from passing an ordinance subsequently recommended by the board, embracing the improvement called for in the deferred recommendation but extending its boundaries, since the former recommendation is displaced by the later one.

2. Same—*recommendation is prima facie evidence of performance of preliminary steps.* The recommendation of the improvement board for the passage of an ordinance is *prima facie* evidence that all the preliminary requirements, including the giving of notices of public hearing, have been performed.

3. Same—*record of board need not recite facts relating to notice to each property owner.* It is not essential that the record of the board of local improvements recite the facts relative to the giving of notice to each property owner, it being *prima facie* sufficient if the record recites that the board finds, upon evidence submitted, that the notices had been given pursuant to statute.

4. Same—*when benefit to street railway property is not restricted to railroad uses.* Benefits, from paving a street, to property owned by a street railway company and leased to tenants for private business purposes are not restricted to the use of the property for railroad purposes, but are the same as in case of other private property, notwithstanding the leases may be canceled on notice.

5. Same—*fact corporation may be compelled to sell property does not affect benefits.* The fact the State may compel a corporation to sell real estate which it is not using for corporate purposes does not preclude the assessment of such real estate for a local improvement, if benefited, the same as though owned by an individual.

6. Same—*what admissible upon question of benefits.* Evidence that the paving of a street will afford better fire protection to the property, and that fire protection is an element of value in city real estate, is admissible upon the question of benefits from the improvement.

7. Propositions of law—*propositions of law are proper in special assessment cases.* The refusal to consider propositions of law, in a case tried by the court, by agreement of the parties, without a jury, is error, whether the case is directly reviewable by the Appellate Court or the Supreme Court.

8. SAME—*when error in refusing to consider propositions of law is harmless.* Error in refusing to consider propositions of law is harmless if the questions sought to be raised thereby are preserved in the record in some other manner for review.

APPEAL from the County Court of Cook county; the Hon. PHILIP S. POST, Judge, presiding.

GEORGE A. MASON, and JOHN A. ROSE, for appellants:

A prior ordinance for substantially the same improvement is still pending and undisposed of in the city council, and is a bar to the passage of the ordinance before the court. Act of 1897, secs. 5, 7-9; *McLaughlin* v. *Chicago,* 198 Ill. 518.

Notice of public hearing of July 9, 1901, was not given pursuant to law. The record should affirmatively show the jurisdictional facts, and not merely a recital of compliance with the statute. Act of 1897, secs. 7-9; *Rex* v. *Croke,* 1 Cowp. 26; *Sherlock* v. *Allen,* 49 Mo. 178; *State* v. *Hardcastle,* 26 N. J. L. 143; *Proprietors* v. *Page,* 6 N. H. 182; *People* v. *Highway Comrs.* 14 Mich. 528; *Highway Comrs.* v. *Harper,* 38 Ill. 103; *Haywood* v. *Collins,* 60 id. 328; *Thorn* v. *Park Comrs.* 130 id. 594; *Cummings* v. *Park Comrs.* 181 id. 136; *Railroad Co.* v. *Randle,* 183 id. 364.

Where land is restricted by statute to a particular use and cannot legally be applied to any other, the true measure of benefit which an improvement will confer on the land is its increased value for the special use to which it may by statute be restricted. The benefit must be actual,—not speculative, conjectural or imaginary. *Railroad Co.* v. *Chicago,* 141 Ill. 509; *Railroad Co.* v. *Chicago,* 149 id. 459; *Rich* v. *Chicago,* 152 id. 18; *Railroad Co.* v. *Cicero,* 157 id. 48; *River Forest* v. *Railroad Co.* 197 id. 344; *Railroad Co.* v. *Chicago,* 169 id. 329.

On the question of benefits and proportionate share of the cost, where, by agreement, a jury is waived, it is the duty of the court to receive propositions of law, and to mark them either "held" or "refused," or modify the

202—37

same.   Act of 1897, sec. 49; Practice act, chap. 110, sec. 41; *Allman* v. *Lumsden*, 159 Ill. 219; *Park Comrs.* v. *Kincade*, 64 Ill. App. 117.

EDGAR BRONSON TOLMAN, and ROBERT REDFIELD, (CHARLES M. WALKER, of counsel,) for appellee:

Objections to the confirmation of a special assessment must show facts which to some appreciable extent injure or prejudice the rights of the property owner. *Farrell* v. *Park Comrs.* 182 Ill. 250; *Glover* v. *People*, 194 id. 22.

The mere pendency of a prior ordinance for a similar improvement constitutes no lien on property, nor does it constitute a pending action which must be defended.

The action of a legislative body ordering an ordinance or bill to be placed on file is, for the time being, a determination adverse to the proposed legislation.

The recommendation by the board of an improvement is *prima facie* evidence that all the preliminary requirements of the law have been complied with.   Local Improvement act, sec. 9.

Such recommendation is *prima facie* evidence that proper notice was given of the public hearing, and dispenses with other proof of that fact, in the absence of evidence by the objectors to the contrary.   Even the recital contained in the record is superfluous.

Where a special assessment is levied upon railroad property, and that property is restricted by statute to a particular use and cannot be applied to any other use, the measure of the benefit which the improvement will confer on the land is its increased value for the special use to which it may by statute be restricted.   But where such property is leased to private parties, and not used as a right of way, the measure of benefit is its increased value for the use to which it is actually thus devoted. *Terminal Transfer Co.* v. *Chicago*, 178 Ill. 429.

The purpose and function of propositions of law in cases heard by the court without a jury is to separate

questions of law from questions of fact, and to preserve questions of law for review. *Bradish* v. *Yocum*, 130 Ill. 386.

Where these questions of law can be raised in another manner, as, for example, by objections or exceptions to a referee's report, (or, in a special assessment case, by legal objections,) the propositions of law need not be considered. *Cold Storage Co.* v. *Bank*, 176 Ill. 260; *Sanitary District* v. *Cook*, 169 id. 184.

Where an appeal lies direct from the trial court to the Supreme Court without the intervention of the Appellate Court, the Supreme Court can consider all questions of law and fact alike, and propositions of law are unnecessary. *Bradish* v. *Yocum*, 130 Ill. 386.

If, upon the whole record, it appears that the decision of the court is right, error in refusing to hold propositions of law is not reversible error. *Famous Manf. Co.* v. *Wilcox*, 180 Ill. 246; *Bradish* v. *Yocum*, 130 id. 386.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from a judgment confirming a special assessment levied to defray the cost of paving with asphalt South Campbell avenue, in the city of Chicago, from the north line of West Madison street to the south line of West Lake street, a distance of four blocks, under an ordinance adopted on the 23d day of September, 1901, by the city council of said city of Chicago.

On the 27th day of December, 1899, the board of local improvements of said city adopted a resolution providing that the roadway of said South Campbell avenue should be paved with asphalt from the north line of Washington street to the south curb line of West Lake street, in the said city, a distance of two blocks, being two of the blocks along said street ordered to be paved by the ordinance under consideration. This resolution was adhered to at the public meeting, and while there is no further order concerning it on the records of the board of local improvements, it appears from the records

of the city council of the city of Chicago that an ordinance for paving South Campbell avenue from Washington boulevard to Lake street was submitted to the city council, and that on the 29th of January, 1900, it was ordered by said city council that action on said ordinance be deferred. On the 9th day of July, 1901, and before any further action had been taken by the city council, the ordinance under which the judgment of confirmation here involved was entered was duly recommended by the board of local improvements to the city council for passage and was by the latter body passed on September 23, 1901. It is urged that the prior recommendation, action whereon had been deferred by the city council on the 29th day of January, 1900, constituted a bar to further action on the part of the board of local improvements or the city council in the way of providing for the improvement of the two blocks in said South Campbell avenue covered by the said prior recommendation of the board. We do not see the force of this insistence. The latter recommendation, and the ordinance passed in pursuance thereof, provided for the paving of said South Campbell avenue for the two blocks contemplated to be improved by the prior recommendation for an ordinance and also for the paving of two additional blocks of the said avenue. The ordinance which was adopted authorized the improvement as contemplated in the deferred recommendation and also a further extension of the same improvement along the avenue, and such deferred recommendation from thenceforth had no function or office to perform. It was properly regarded as having been displaced by the latter recommendation. The passage of the ordinance here involved rendered action by the city council on the deferred recommendation of the board of local improvements wholly unnecessary.

Counsel for the appellants contend that the record of the proceedings before the board of local improvements should contain recitals of fact showing that notices had

been given of the time and place of the public hearing,
as is required by the provisions of section 7 of the act of
1897. (Laws of 1897, p. 104.) The record of the board in
the case at bar recites that upon evidence submitted the
board found that notices of said public meeting had been
mailed pursuant to statute. The recommendation of the
board of local improvements for the passage of the ordi-
nance, by force of the statute, established, *prima facie*,
that all of the preliminary requirements of the statute
had been performed. (Laws of 1897, sec. 9, p. 105.) One
of such requirements was the giving of notices to prop-
erty owners of the time and place of the public hearing,
and the recital in the record made by the board had no
tendency whatever to overcome such *prima facie* evidence
that notices as required by the statute had been given,
but, on the contrary, served to strengthen such statutory
presumption. It is not essential that the record of the
board of local improvements should recite the facts rela-
tive to the giving of notice to each property holder.

The parties voluntarily agreed, during the progress
of this proceeding, that the issue whether the property
of the appellant company had been assessed more than it
would be benefited by the proposed improvement should
be submitted to and tried by the court without the inter-
vention of a jury. The position of counsel for the appel-
lant in the hearing before the court on this issue was,
that the lots, parts of lots and blocks owned by the ap-
pellant company against which it was asked that assess-
ments be confirmed were held and owned by the company
only for railroad purposes and uses, and that the com-
pany could not lawfully apply said property to any other
use or purpose than such as is necessary to the operation
and maintenance of its railway, and in this view insisted
the evidence should be confined to the proof of benefit
which the improvement would confer on the property for
the special use to which it was restricted. The court rec-
ognized this position as being correct, and so ruled upon

all objections as to the admissibility of evidence. It, however, appeared from the evidence that on lots 1, 2, 3 and 4, in block 2, of Morgan's subdivision, etc., objected for by the appellant company, there was situate a two-story brick building, which was, and for four years prior to the time of the hearing had been, occupied by Bradley Burr as a tenant of the appellant company, who was engaged in the business of manufacturing and repairing wagons on said premises, under a lease executed to said Burr by the appellant company. It further appeared that lots 21 and 22, east half of the same block, at the south-west corner of South Campbell avenue and Washington boulevard, and the property at the north-west corner of the same thoroughfares, both of which were also objected for by the appellant company, had been leased by the appellant company to the Daemicke Manufacturing Company for a term of five years, and were occupied and used by the said manufacturing company for its private business purposes. It was clearly shown, and indeed conceded, that the appellant company was in nowise restricted in the use of certain of the lots, but that the same were and long had been devoted to private business purposes. As to these properties the court correctly admitted evidence of benefits not based on the restricted or limited use of the property by the appellant company. The leases executed by the appellant company to said Burr and said manufacturing company contained clauses authorizing the appellant company to cancel said leases upon six months' notice, but we are unable to agree with the insistence of counsel that the right to so cancel the leases established that the property was only temporarily devoted to private business uses and purposes. In *Chicago Terminal Transfer Co. v. City of Chicago,* 178 Ill. 429, we affirmed a judgment confirming a special assessment against a portion of the right of way of the transfer company which was leased to private parties for business purposes, on the ground

that the premises were not used as a right of way but were leased to private parties and would be benefited by the improvement, which was in that case, as in this, the paving of an avenue leading to the premises. The other property objected for by the appellant company was devoted to its corporate uses, and the court ruled that the testimony as to such property should be restricted to such as tended to show it would be benefited for special use in the maintenance and operation of the railway of the appellant company.

The principle sought to be invoked by the appellant company has application only to real property which is held by a railway company by a title or grant, by the terms whereof, or by law, the property is restricted to a particular use. If a railway company has acquired the title to real estate and is devoting the same to purely business purposes, as an ordinary owner, no doubt it may be required, on the application of the State's attorney or Attorney General, under the provisions of section 5 of chapter 32 of the general Incorporation act, to sell and dispose of the same; but such property, if benefited by a public improvement, would at such sale produce a better price for that reason, and such property should be assessed for benefits as other property owned by a private individual. All corporations may acquire real property beyond that needed for corporate uses, in satisfaction of debts due to it. If a corporation, in violation of the policy of our laws, obtains a conveyance of real property and holds the same for uses other than those consistent with the exercise of its corporate functions, the State alone may cause it to be divested of such title. Land taken in satisfaction of debts due a corporation or held in violation of law, not for corporate uses, may be benefited by an improvement, and if so, should be required to bear its ratable burden of making the improvement. The testimony preserved in this record does not call upon us to interfere with the decision of the court that the differ-

ent pieces of property would be benefited by the improvement in an amount equal to the assessment against such properties, respectively. The view reached by the court had the support of the greater number of witnesses who testified upon the point. Those who testified in behalf of appellant gave no reasons from which it should have been considered they had superior knowledge or better judgment than that possessed by the witnesses for the city. The trial judge had the superior facility afforded him of hearing and seeing the witnesses, and his conclusion as to their credibility and the value of the opinion expressed by them, respectively, must be accepted. In addition thereto, at the request of the parties the court personally visited and inspected the premises.

In arriving at an opinion as to the benefits which would accrue to appellants' property by the construction of the proposed pavement in the avenue, two of the witnesses,—one a fireman, the other a real estate agent,— both in behalf of the city, took into consideration, among other things, that the construction of the pavement would enable the firemen of the city, with their engines, to more speedily reach the hydrant or fire-plug which stood in said South Campbell avenue, in front of the appellant company's car barn. The firemen testified that without the improvement South Campbell avenue was impassable for a fire engine, and that the route from the engine house to the car barns, which would necessarily be taken in the absence of a pavement on South Campbell avenue would be twice as long as it would be if the avenue were paved, and that protection from fire depended quite largely upon the speedy arrival of the fire engines at the scene of the fire. The real estate agent referred to testified that better fire protection constituted an element of value in city real estate. The court did not err in admitting this testimony. One of the elements of benefit accruing from street improvements is superior facilities for access to the property.

The appellant company presented ten propositions to be held or refused as the law applicable to the case. The court refused to consider or pass upon such propositions, upon the theory, as it would seem, that the statute providing for the presentation of such propositions has application only to cases which may be reviewed by the Appellate Courts, and has no application to special assessment proceedings, which are reviewable only in this court. Herein the trial court was in error. The section of the Practice act providing for the submission of propositions of law to the trial court in cases triable by a jury but wherein the intervention of a jury has been waived was enacted in 1872. (Laws of 1872, p. 345.) The Appellate Court did not then exist, and appeals in all cases were then taken to this court and writs of error issued out of this court in all cases. The act establishing the Appellate Court was adopted in 1877, some five years after the enactment of the statutory provision with relation to the presentation of propositions to be held as the law of a case by a trial judge. It was error to decline to pass upon the propositions of law. *West Chicago Park Comrs.* v. *West Side Elevated Railroad Co.* 182 Ill. 246.

The purpose to be subserved by propositions of law is to determine whether the trial judge entertains correct views of the principles of law involved in the proceeding. In some instances it is only through the medium of such propositions that the record can be made to show the views of the court as to the principles of law applicable to the facts of the case. In such instances the refusal to consider and pass upon the propositions would constitute fatal error. In other instances the propositions of law presented to the court may relate only to legal questions which the court has otherwise ruled upon in the trial and which rulings are otherwise preserved for review by the record, as in case the propositions of law relate merely to the rules of law governing the admission or rejection of evidence on which the court has

ruled and to which rulings proper objections and excep-
tions had been preserved. If by exceptions to the rul-
ings of the court as to the admissibility of testimony the
same questions are preserved for review in this court as
are intended to be preserved also by the propositions of
law, then it is clear a refusal to pass upon the proposi-
tions would be but harmless error. We have examined
the propositions tendered to the court by the appellant
company in the case at bar, and find that, except the
fifth, they, in substance, call upon the court to declare
that in determining whether said lots, or any of them,
will be benefited by the improvement of the avenue the
court must determine whether or not such lots will be
benefited for the railway uses to which they are now
applied or for the railway uses to which, under the
evidence, they may or probably will be applied by said
company; that the true measure of benefits which the
improvement will confer upon the property is its in-
creased value for its special use in connection with the
operation and maintenance of the railway. Proposition
No. 5 requested the court to hold that increased fire
protection. is not a material element of special benefit
unless different in kind from that which will accrue to
other property along the line of the proposed improve-
ment and is special to the property objected for. It
therefore appears that the propositions did not call up-
on the court to rule upon any question of law except such
as the court had already passed upon in its rulings as
to the admissibility of the testimony. To all of such
rulings the appellant company at the proper time pre-
served exceptions, and has in this court assigned such
rulings as for·error. These assignments of error have
been fully discussed in the briefs and have received the
consideration of this court and are herein determined.
Had the propositions of law all been considered by the
court and refused, no additional question would have
been presented by the assignments of such refusal as for

error. The error in refusing to consider the propositions of law was not prejudicial to the appellant company, and hence, under the repeated decisions of this court, does not work a reversal.

The judgment must be and is affirmed.

*Judgment affirmed.*