THOMAS H. HULBERT

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 24, 1905.*

1. SPECIAL ASSESSMENTS—*statute fixing rate of interest on installments is not unconstitutional.* The Local Improvement act of 1897, in so far as it fixes the rate of interest upon installments of a special assessment, is not unconstitutional. (*Hulbert* v. *City of Chicago,* 213 Ill. 452, followed.)

2. APPEALS AND ERRORS—*colloquial remarks of the judge are not rulings on which error can be assigned.* Remarks of the court, in a colloquy between court and counsel in a trial, cannot be made the basis of an assignment of error to the effect that the court entertained erroneous views of the law, where no exception is taken to any ruling of the court on the evidence and no propositions of law are submitted.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

GEORGE W. WILBUR, for appellant.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (EDGAR B. TOLMAN, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a petition for a judgment confirming a special assessment levied to defray the cost of improving Ballou street from Fullerton to Diversey avenues, in the city of Chicago, by adjusting sewers, catch-basins and man-holes, and constructing new catch-basins and a granite concrete combined curb and gutter, and grading and paving with asphalt.

The ordinance provided that the assessment should be divided into installments, and that interest at the rate of five per cent per annum should be collected thereon. The insistence that the provisions of the ordinance, and of the statute under which it is framed, fixing an arbitrary rate of interest to be paid on the installments are unconstitutional received the consideration of this court in *Hulbert* v. *City of Chicago,* 213 Ill. 452, and *Gage* v. *City of Chicago,* 216 id. 107, and we found it to be not well taken. The reasons presented in the brief of counsel in the case at bar in support of the position of appellant on this point are such, only, as were advanced by counsel in the cases cited. The point was properly determined in the former decisions of the court.

By agreement of the parties the questions of fact whether the property of the objector was assessed in a greater sum than it would be benefited or more than its proportionate share of the cost of the proposed improvement were submitted to the court for decision without a jury. Counsel for the appellant insists that it appeared from the testimony that the amounts assessed against the lots were greatly in excess of the benefits conferred by the improvement. The appellant and one A. G. Chapin, a real estate agent, testified in support of the objector, and Frank J. Wisner and W. E. Castleman, who were also engaged in business as real estate agents, testified in support of the correctness of the assessment. We have read all of the testimony as given by these

witnesses. It is conflicting, and consists almost entirely of the estimates of the different witnesses as to values and as to the increase in values which will accrue from the improvement. In the opinions of the witnesses for the appellant the lots will all be benefited but in an amount much less than that assessed against them. In the judgment of the witnesses who testified in behalf of the city the improvement will confer benefits on all the lots at least equal to the amounts assessed against the property. We are unable to say that the court should have accepted the estimates and judgment of the witnesses for the appellant as the better guide to a correct determination of the question. So far as it is disclosed by anything appearing in the record the witnesses are equally credible and equally qualified to express an opinion as to the value of the different lots and the effect which will result from the improvement of the street.

Counsel for the appellant contends that the court entertained an erroneous view of the legal principles involved in the determination of these questions of fact. Counsel has caused to be preserved some expressions used by the court during the progress of the trial, in a colloquy between the court and counsel, which, as counsel thinks, indicate that the judge held erroneous views as to matters of law. No objection was made or exception taken to any ruling of the court relative to the admissibility of testimony, and no propositions were presented to the court to be held as principles of law applicable to the case, as is provided shall be done by paragraph 42 of the Practice act if it is desired to preserve for review the question whether the court held and applied correct principles of law in arriving at a conclusion in the case. There is, therefore, nothing in the record on which to base an assignment of error that the action of the court resulted from incorrect views as to the law of the case. *West Chicago Park Comrs.* v. *Metropolitan West Side Elevated Railroad Co.* 182 Ill. 246.

The judgment appealed from must be and is affirmed.

*Judgment affirmed,*