# Edward McGovney, Appellee, v. C. Goesel, Appellant.

## Gen. No. 16,948.

1. SALES—*warranty.* A finding of the trial court that the defendant warranted a certain engine sold to be a 15 horse-power engine, and that there was deceit and fraud in the sale, is fully supported by evidence which, although contradictory, tends to show that the engine had been standing on defendant's premises for several years, that he knew it was practically worn out and had it painted so as to appear in good condition and that he had warranted it to have 15 horse-power on being informed by the plaintiff as to the purpose for which it was to be used.

2. TRIAL—*propositions of law.* It is proper to refuse a proposition of law drawn on a theory not applicable to any theory advanced in the case.

3. TRIAL—*propositions of law.* It is not error to refuse a proposition of law which is a repetition, in substance, of one marked "held."

4. APPEALS AND ERRORS—*harmless error.* Where propositions of law relate only to questions which the court has ruled upon in the trial, which rulings are otherwise preserved for review by the record, an error in marking such propositions "held" or "refused" is harmless error.

5. EVIDENCE—*weight.* A proposition of law stating that when a plaintiff is uncorroborated and the defendant and two witnesses state the facts differently, and all have equal opportunities for knowing the facts and none of the latter are impeached, their testimony should outweigh that of the plaintiff, is an inaccurate statement of the law.

6. WITNESSES—*credibility.* A proposition of law that the testimony of a witness cannot be disregarded unless he is impeached by some recognized mode for impeaching a witness, is inaccurate.

Appeal from the Circuit Court of Cook county; the Hon. LOCK-WOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912.

MICHAEL FRANK CURE, for appellant.

EDWARD G. PURKHISER and JOHN S. REYNOLDS, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

In 1908, Edward McGovney, appellee, hereinafter called the plaintiff, owned a 6 horse-power International gasoline engine, which he had purchased from appellant, hereinafter called the defendant, in 1907, for $325. On October 15, 1908, plaintiff effected a trade with the defendant, in which the plaintiff delivered to the defendant the engine above mentioned and his promissory notes for $200, and received from the defendant, in exchange therefor, a Challenge gasoline engine, valued at about $500. The plaintiff took the Challenge engine from the defendant's place of business in Tinley Park, Illinois, to the plaintiff's farm, located near the village of Mokena, some five or six miles away. A few days after, plaintiff endeavored to operate the engine, but was unable to do so. He telephoned that fact to the defendant, who sent his son, a machinist, to the farm, but the son met with no better success. Thereupon, defendant sent to the plaintiff's farm an expert, named Freudendal, from the Challenge factory. The expert tried, during a whole day, to make the machine develop more than six or eight horse-power, but was unable to do so, and the following day, plaintiff sent the engine back to defendant's place of business and left it there in his yard. In January, 1909, McGovney brought suit in *assumpsit*. There were several special counts in the declaration, and also the common counts. In the special counts plaintiff claimed damages for breach of an alleged warranty that the Challenge engine was a 15 horse-power engine, and for fraud and deceit in the sale of the same to the plaintiff. Upon a trial before the court, without a jury, the court found the issues for the plaintiff, and assessed the plaintiff's damages at $512.50, from which judgment the defendant appeals.

Though many alleged errors are assigned in the record, the brief and argument of appellant's counsel are

confined to two propositions: First, that the finding
is against the evidence; second, that the court erred in
marking "refused" a number of propositions of law
which were submitted to the trial court. The evidence
is conflicting. The plaintiff testified to the facts stated
above, and also that in July or August, 1908, he had a
conversation with a son of the defendant, who was in
the employ of the defendant, regarding an exchange of
the plaintiff's International engine for a larger and
more powerful one, and a Challenge engine was men-
tioned. On August 5, 1908, defendant wrote to plaint-
iff; "If you like to buy the large second hand engine,
the new water cooling pump will be ready tomorrow
noon, 'tis the best second hand engine we have, and I
will warrant it all right; new engine for that size costs
about 9 or 950." One of the plaintiff's witnesses who
lives at Tinley Park, testified that he saw the Challenge
engine in defendant's yard many times prior to Octo-
ber, 1908; that it had been there about four years; that
defendant put a new cooling device and a circular tank
on it and repainted it; that it was an old and practi-
cally worn out machine. The expert, Freudendal, tes-
tified that he also saw the engine in defendant's yard
about a year prior to October, 1908, and made an ex-
amination of it at that time; that he had then been
asked by defendant to say what could be done with it,
and that he told defendant to send it to the factory to
be overhauled. That witness also testified that the en-
gine was practically worthless; that there was "not
enough compression" in the engine, and the exhaust
valve was too small and would choke before any power
could be produced; that it could not be made to pro-
duce power unless it was thoroughly overhauled, which
would cost nearly as much as a new engine. The
plaintiff further testified that before making a trade,
he told defendant that the International engine was
not large enough for his uses; that he wanted a larger
engine for threshing grain, which his six horse-power

engine would not do, whereupon, defendant expressly guaranteed that the Challenge engine would produce fifteen horse-power; that at that time defendant started the engine and ran it a while; that plaintiff placed a fence board, three inches wide, under the fly wheel as a sort of test of power, and as it appeared to work all right, he made the trade, relying upon defendant's warranty. Defendant and his two sons squarely contradict all of plaintiff's evidence regarding the alleged oral warranty. They testified that defendant expressly stated that he would not guarantee a second hand engine, and that plaintiff might make such test as he wished to make before making the trade; but that plaintiff expressed himself as satisfied with the test he made.

In view of the very earnest contention of appellant's counsel regarding the facts, we have examined the record with care; and without entering upon a further discussion of the evidence, it will suffice to say that we are of the opinion that the finding of the trial court is fully supported by the evidence, and that the court did not err in finding the issues for the plaintiff.

Regarding the propositions of law, we find there were twenty submitted, of which the court marked five "held" and the remainder "refused." Of those refused, two are drawn on the theory of an implied warranty, which are inapplicable to any theory of liability advanced in this case. Another, the seventh, is a mere repetition, in substance, of one which was marked "held". One, the twentieth, refers to the alleged error of the court in admitting in evidence the letter of August 5, 1908, to which defendant objected and preserved his exception; and the remainder, Nos. 8 to 19 inclusive, all related to the weight of the evidence and the credibility of the witnesses. The court might, without impropriety, have marked the 20th proposition "held," but the purpose of submitting propositions of law is to determine whether the trial judge entertains

correct views of the principles of law involved in the
proceeding.   Wherever the propositions submitted re-
late only to questions, which the court has ruled upon
in the trial, and which rulings are otherwise preserved
for review by the record, "as in case the propositions
of law relate merely to the rules of law governing the
admission or rejection of evidence on which the court
has ruled, and to which rulings proper objections and
exceptions have been preserved," an error in mark-
ing such propositions "held" or "refused," or in re-
fusing to consider the same, is harmless error.   Union
Traction Co. v. City of Chicago, 202 Ill. 576, 585.   The
same rule might be applied, perhaps, to the remaining
propositions of law regarding the weight of the evi-
dence and the credibility of witnesses, but they were
all properly refused for another reason, namely, that
none of them is entirely accurate in its statement of
the law.   Most of them undertake to state under what
circumstances a trial judge may disregard the entire
evidence of a witness, and each of such propositions
omits some material element recognized by all the au-
thorities.   For example, the 9th states that when a
plaintiff is uncorroborated and the defendant and two
witnesses state the facts differently, and all have equal
opportunities for knowing the facts and none of the
latter are impeached, their testimony should outweigh
that of the plaintiff.   This omits several elements of
value in weighing the testimony of the witnesses, such
as the appearance of the witness upon the stand, his
apparent candor and fairness, the probability or im-
probability of his statements, and other like circum-
stances which may affect the credibility of witnesses.
The 10th states that the testimony of a witness can-
not be disregarded unless he is impeached by some
recognized mode "for impeaching a witness," omit-
ting the familiar rule that the uncorroborated evidence
of a witness may be disregarded if the court, sitting

as a jury, believes from all the evidence that he has wilfully sworn falsely to a material fact. Others omit all of the recognized tests for weighing evidence, and others require the court to be ''satisfied'', instead of merely believing from the evidence, that a state of facts has been proved. After a careful examination of the several propositions thus submitted and marked ''refused'', we are of the opinion that no reversible error in this respect was committed by the trial court.

Defendant's counsel found it necessary to file an additional abstract of the record. We have found it necessary to refer frequently to such additional abstract to correctly understand the evidence.

The judgment of the Circuit Court will be affirmed and the cost of the additional abstract will be taxed against the appellant.

*Affirmed.*