# Peter L. Flodin, Appellee, v. W. H. Lutes Company, Appellant.

## Gen. No. 20,334.

1. SALES, § 373*—*sufficiency of evidence.* Evidence *held* sufficient to show that the seller of notes was the ostensible owner thereof, that they were sold for an undisputed amount upon condition that it would repurchase them on the buyer's request, and that the seller, after request duly made, failed to comply with such promise.

2. CORPORATIONS, § 370*—*when cannot question authority of president to make a conditional sale of notes.* Where a corporation through its president sold notes and received the money paid therefor, it is in no position to question the authority of its president to sell the notes or the validity of his agreement to repurchase them, where the transaction appears to have been in furtherance of its corporate interests.

3. CORPORATIONS, § 412*—*power to make conditional sale of notes.* Where a sale of notes is made by a corporation to obtain money for corporate purposes, there is an implied and incidental power to make the sale conditional upon an agreement for repurchasing the notes.

4. APPEAL AND ERROR, § 966*—*when no question of law presented for review.* Abstract of the record *held* to present no question of law but only a question whether the evidence was sufficient to sustain the trial court's finding, where it did not show any objections to the rulings on the evidence or that any propositions of law were submitted, and the only motion made during the progress of the trial was a motion at the close of the plaintiff's case to find for defendant.

Appeal from the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed January 26, 1915. *Certiorari* denied by Supreme Court (making opinion final).

MATHER & HUTSON, for appellant; WILLIAM A. SHEEHAN, of counsel.

BRECHER & CHINDBLOM, for appellee; LAMBERT KASPERS, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

. Appellant sold certain laundry machinery to a firm composed of one Haynes and one Hennessey. They paid part of the account and gave appellant their promissory notes for the balance, aggregating $2,065, payable to appellant's order and secured by a chattel mortgage on the property sold. Later Flodin, appellee, became a partner of Haynes and Hennessey and purchased the above notes through negotiations with W. H. Lutes, president of appellant, on condition, as he claims, that appellant would, on his request, repurchase them on the same terms on which they were sold. The agreement, whatever it was, was oral. A few months later he returned the notes to said Lutes and demanded compliance with the agreement, the nature and character of which does not at that time appear to have been discussed or questioned. Later, appellant failing to comply therewith, this suit was brought upon appellant's alleged promise to repurchase.

The case was tried before the court without a jury and there was a finding and judgment in favor of appellee for $2,101.90.

The defense set up in appellant's amended affidavit of merits was that it did not deliver the notes to plaintiff for a valuable consideration; that it did not receive the amount therefor claimed by plaintiff; that it made no agreement to repurchase the notes; that no tender of them was made, and that the promise made was made by Lutes in his personal capacity, and if made by an agent of the company was *ultra vires* and not binding on it. Except as to the last mentioned ground of defense, the issues thus raised were wholly as to questions of fact.

We have thoroughly examined the evidence, documentary and otherwise, covering sixty-nine pages of the abstract and two hundred sixty-nine pages of the

record, and deem it unnecessary to discuss the controverted facts in detail. The evidence was abundantly sufficient, we think, to show that appellant, as the ostensible owner of the notes, sold them to appellee for an undisputed amount, upon condition that it would repurchase them on his request, and that appellant, after request duly made, failed to comply with such promise. Besides, appellant having received the money paid therefor, we think it is in no position to question the authority of its president to sell the notes for it or the validity of the agreement to repurchase them, especially as the transaction appears to have been in furtherance of its corporate interests. *George E. Lloyd & Co. v. Matthews,* 223 Ill. 477. In such a case, where the sale is made to obtain money for corporate purposes, we think there is an implied and incidental power to make the sale conditional, as in the case at bar, upon an agreement for repurchase.

Many questions of law are argued by appellant that are in no way presented as such on this record, namely: the authority of the president of appellant corporation to bind the company by such a promise; whether, if he had such authority, it was not *ultra vires;* whether it was not within the statute of frauds; whether the demand for repurchase was made within a reasonable time; whether there was a sufficient tender; whether appellant was not released from all liability by failure to foreclose the mortgage, or by merger thereof as a result of appellee's purchase thereof after he became a member of the firm owning the mortgaged property; whether the court applied the proper rule of damages, and other questions including those pertaining to the rights of an indorser or guarantor.

So far as the abstract shows, the record presents nothing for us to decide except as to whether the evidence was sufficient to sustain the court's finding, for there were no objections to the rulings upon evidence, no propositions submitted to the court to be held as

law of the case, and no motion made during the progress of the trial, except at the close of plaintiff's case, to find the issues for the defendant, which merely raised the question whether plaintiff's evidence tended to establish his claim, namely, a conditional sale by appellant to appellee and breach of the condition. The motion being denied, defendant proceeded to put in its defense and submitted the case on questions of fact alone, in no way raising a question of law. In such a case we do not understand that the record presents any question of law for review. The same rule obtains here in our opinion that does in a case which goes directly by appeal or writ of error from the trial to the Supreme Court. In such a case (*West Chicago Park Com'rs v. Metropolitan West Side R. Co.*, 182 Ill. 246) the Court said that, in the absence of rulings on propositions of law, it would be assumed that the trial court entertained correct views of the law, and the only question left open was whether the court erred in its findings of fact. We think the same rule must prevail here where no questions of law are directly raised by submission of propositions of law, or rulings upon evidence or some motion. We so construe *Chicago Union Traction Co. v. City of Chicago*, 202 Ill. 576.

What questions of law, if any, upon such state of the record, were considered by the court below, we have no means of determining. So far as the abstract shows these questions of law are raised here for the first time, and we are, therefore, not required to consider them. Finding no occasion to disturb the court's findings of fact, the judgment will be affirmed.

*Affirmed.*