## Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 25,495.

1. APPEAL AND ERROR—*when only question of law presented for review.* Where there was no motion to exclude evidence or for a finding, no propositions of law submitted, no rulings of the court asked for or made, and the facts not disputed, the sole question on appeal is whether any question of law is presented for review.

2. APPEAL AND ERROR—*only questions preserved for review considered.* The Appellate Court, being a court of errors, will consider only questions preserved for review and no duty devolves upon it to review the record and decide questions upon it *de novo*.

3. APPEAL AND ERROR—*questions for review.* Where there is no controversy as to the facts, and the only question is what judgment shall be entered thereon, such question is one of law which may be raised and preserved for review by demurrer to the evi-

dence, by propositions to be held as law or by motion to find for the party, and if not so raised and preserved, the question will not be considered on appeal.

Appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed April 12, 1921. Rehearing denied April 26, 1921.

HARRY P. WEBER, GEORGE W. MILLER, ARTHUR J. DONOVAN and ARTHUR A. ANDERSON, for appellant.

LOESCH, SCOFIELD, LOESCH & RICHARDS, for appellee; THEODORE SCHMIDT, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

For brevity and convenience we shall refer to the plaintiff below (appellee) as the "railway company," and to defendant (appellant) as the "traction company."

The former operated a commercial steam railroad in Chicago across 59th street at grade, and the latter a street railway westward on said street to within 20 feet of the former's main line.

This action involves their relative obligations growing out of the elevation of the railway company's tracks across 59th street and construction of a subway thereunder. The railway company's claim, as finally reduced and agreed upon, is $1,130.20, of which $1,108 was expense incurred by it in excavating, so as to conform to the new grade, an area in 59th street of 16 feet wide and 468 feet long, immediately east of the railway company's main line, occupied and maintained by the traction company, and of which $22.20 was the cost of removing two of defendant's trolley poles. The traction company, by way of set-off, seeks remuneration for its expense in reconstructing its equipment which, in consequence of such ele-

vation, was removed and had to be restored, together with additional equipment necessitated by the extension, the various items of the cost of which were agreed upon.

The former's claim rests on the common counts, to which was filed the plea of general issue.

Defendant also filed three pleas of set-off. The first is based on the common counts; the second alleges a taking, damaging and injuring of its property as the direct result of such elevation and construction; and the third sets forth that the traction company was required to do certain things under a city ordinance authorizing its use of the street to operate its system, what it had done pursuant thereto, what the railway company had done by way of constructing said subway and approaches for the purpose of elevating its main track and additional tracks over 59th street, in supposed pursuance to a so-called "elevation ordinance," and that in consequence thereof defendant was compelled to remove its equipment from said subway and approaches, reconstruct its roadbed, tracks and electrical equipment, and repave a portion of the street occupied by its tracks so reconstructed and a portion additional thereto, to its damage in the amount of $10,968.66, for the payment of which it claimed plaintiff was liable.

The case was submitted to the court without a jury, and heard on a stipulation as to the facts. The stipulation sets forth among other things the incorporation of the City of Chicago under the general act for the incorporation of cities and villages, the organization of the respective companies, the facts respecting plaintiff's main line, right of way and ownership of abutting and adjacent property, upon a portion of which it had switch and storage tracks; that it had no tracks across 59th street east of its main line; the "elevation ordinance" under which it elevated its roadbed, etc.; the "traction ordinance" under which

defendant operated its lines, including the 59th street line; an ordinance requiring an extension of its line west of said crossing; and the facts pertaining to the following matters—the construction and operation of defendant's line, the elevation of the railway company's main track and other tracks east thereof across 59th street, the change of grade, the construction of subway and approach, the removal and restoration of defendant's equipment, and sets forth the items constituting their respective claims.

Upon the stipulated facts the court's finding was for the agreed amount of plaintiff's claim and against defendant's set-off. There was no motion to exclude evidence, no motion for a finding, no propositions of law submitted, and no rulings of the court made or asked for. Consequently there was nothing upon which to base an exception, except the judgment itself, the exception to which merely warrants a review of the evidence to determine its sufficiency when the facts are controverted. The facts not being disputed but agreed upon, the sole question arising on this state of the record is whether any question of law is presented for review by this court.

The amount that either party is entitled to recover on its respective claim, if anything, was agreed upon, and depended on the law applicable to the case. But whether either party was entitled to recover against the other on such state of facts, and, if so, on what specific grounds, and whether appellant was entitled to any remuneration, and, if so, whether its remedy therefor was against appellee or the City of Chicago, were questions of law which required construction of the ordinances and consideration of the city's police powers and obligations in the premises. But what views the trial court entertained with respect to them we have no means of determining. We are, however, asked to review the entire record and decide such questions as counsel have seen fit to argue upon the

stipulated facts, without regard to whether such questions have been properly saved for review, the same as if the proceedings here were a trial *de novo.* We do not think such a duty devolves upon this court. This is a court of errors, and in accordance with established rules considers only such questions of fact or law as are preserved for review by some of the methods adopted for such purpose.

It is true, authorities in this state on this subject are conflicting. The latest direct expression thereon by the Supreme Court is found in *Babbitt v. Grand Trunk Western Ry. Co.,* 285 Ill. 267, which was tried without a jury, and went up through this court. It was contended there that no question of law had been preserved for review by the Supreme Court. Considering that question it said:

"Where there is no controversy as to the facts and the only question is what judgment shall be entered on the facts in the record, such question is one of law and may be raised and preserved for review here in one of three ways; by demurrer to the evidence, by propositions to be held as law, or by motion find for the party. (*Conway v. Garden City Paving & Post Co.,* 190 Ill. 89; *Smith v. Billings,* 169 Ill. 294.) Had the plaintiff in error presented no motion, proposition or demurrer to the evidence but contented itself with an appeal from the judgment of the trial court the questions preserved in the record would have been of fact, merely, of which this court could have taken no jurisdiction; but a motion to find for the defendant having been entered and denied in the trial court, a question of law has been properly presented and preserved for review here." (pp. 270, 271.)

In the case at bar there was no motion to find for the defendant, nor resort to any of the methods prescribed in the rule thus stated. In such a state of the record no question of law could, under said rule, be raised thereon if it were before the Supreme Court.

The question arises whether in the same circumstances one can be raised in this court.

Upon this question there is much diversity of opinion in Appellate Court decisions. We need not cite them, for one view is expressed in *City of Chicago v. Bartels,* 146 Ill. App. 180, 185, and a contrary view in *Flodin v. W. H. Lutes Co.,* 191 Ill. App. 195. The former view, followed by one line of decisions, rests on what was said in *Bradish v. Yocum,* 130 Ill. 386, and the other view, followed in other cases, rests on later decisions of the Supreme Court.

The *Bradish* case was an action of ejectment, tried before the court without a jury, requiring the construction of written instruments. The appeal was, of course, directly from the trial court. The question was raised whether, as no propositions of law were submitted to the trial court involving construction of such instruments, the Supreme Court was precluded from passing thereon. The court said:

"In cases that come to this court through the Appellate Courts, the judgments of the Appellate Courts are, under the statute, final and conclusive as to all matters of fact in controversy; and where the trial is upon issues of fact, then, unless the record shows that some question of law is raised by exceptions, by instructions, by propositions submitted to the court, or otherwise, it is manifest there is no question involved which this court is permitted to review." (p. 391.)

But because the Supreme Court proceeded to apply the law to that case, and the case was one wherein that court passes on both law and fact, that case has, in one line of Appellate Court decisions, been deemed decisive of the rule that must obtain in the Appellate Court.

But while the court there said that its attention had not been called to a case of direct appeal from the trial court to that court where the rule stated as quoted had been held to apply, the same rule has,

since that decision was rendered, been applied to cases of like character, thus making no distinction between cases coming through Appellate Courts and those coming directly from trial courts; that is, no distinction is made in the Supreme Court between cases where it passes on questions of law only, and cases where it passes on both law and fact. Among these cases are *West Chicago Park Com'rs v. Metropolitan West Side El. R. Co.*, 182 Ill. 246; *Chicago Union Traction Co. v. City of Chicago*, 202 Ill. 576; and *Sullivan v. Atchison, T. & S. F. Ry. Co.*, 262 Ill. 317.

In the *West Chicago Park Com'rs* case it was contended that the trial court entertained erroneous views as to the legal principles applicable to the cause, and the court held that in view of the fact that no propositions of law had been submitted to the trial court, the only question for consideration was whether the judgment was manifestly against the weight of the evidence, the court saying—what might appropriately be said of the record here—"rulings of the court on such propositions could have been preserved for review in this court."

In the *Chicago Union Traction Company* case, the court referring to the erroneous view of the trial court that it was required to pass on propositions of law only in cases which may be reviewed by Appellate Courts, said:

"The purpose to be subserved by propositions of law is to determine whether the trial judge entertains correct views of the principles of law involved in the proceeding. In some instances it is *only* through the medium of propositions that the record can be made to show the views of the court as to the principles of law applicable to the facts of the case." (p. 585.)

The court added:

"In such instances the refusal to consider and pass upon the propositions would constitute fatal error. In other instances the propositions of law presented

to the court may relate only to legal questions which the court has otherwise ruled upon in the trial and which rulings are otherwise preserved for review by the record.''

While in that case the court considered such legal questions it was because they were otherwise preserved for its consideration by the rulings of the trial court upon the admissibility of the testimony.

In *Sullivan v. Atchison, T. & S. F. Ry. Co.; supra,* which like the *Bradish* case was an ejectment case tried without a jury, the court said no question of law was presented by the record that could be passed upon by that court in the failure of the bill of exceptions to show any exception to the judgment or the submission of and rulings on any propositions of law, and the failure to discuss in the briefs any questions of law arising on the rulings of the court admitting or excluding evidence.

There is, therefore, a clear departure in these cases from the practice observed in the *Bradish* case.

If, therefore, no question of law is presented for review by the Supreme Court, whether the case goes to it directly from the trial court or through the Appellate Court, unless it is preserved by some of the recognized methods mentioned in the *Babbitt* case, upon what theory can it be said that under like conditions a different rule obtains on review by the Appellate Court? Our attention has been directed to no provision of the statute, nor principle of practice generally recognized in Appellate tribunals which justifies a distinction in practice between the two courts in this respect, or requires the Appellate Court, in any case, to review an entire record in search for the possible misapplication of principles of law not raised by some recognized rule of practice. If, therefore, questions of law must be preserved by some such rule to entitle them to review in the Supreme Court, the same rule must in reason obtain, in like

circumstances, to the Appellate Court in the absence of any provision of the statute or decision of the Supreme Court to the contrary.

While the line of decisions last referred to discuss the rule only as applied in the Supreme Court, that court has not expressly or impliedly—unless the *Bradish* case be so interpreted—laid down a different rule to be followed by this court for reviewing questions of law. A different rule would entail serious consequences. For while the Appellate Court would be called on to apply to undisputed facts the principles of law it deemed applicable, its construction and application of such principles, would not, under the *Babbitt* decision, be subject to review by the Supreme Court. In such a case the Appellate Court's judgment would be final as to the law as well as to the facts, thus depriving the defeated party of the right to have the law on which he relies passed on by the Supreme Court.

But it is urged by appellant that as the only question before the trial court was a construction of the ordinances, any proposition of law submitted would merely have involved the substance of the finding and judgment, and have added nothing of substance to the record. In this connection reference is made to *Weld v. First Nat. Bank of Englewood,* 255 Ill. 43, and *Russo fu Agatino v. Ginocchio,* 288 Ill. 470. The only evidence in the former case consisted of written instruments, the construction of which was of course a matter of law. The case went through the Appellate Court. It was contended that no question was open for review before the Supreme Court as defendant submitted no propositions of law embodying its theory applicable to the facts of the case. But reference is made in the opinion to the fact that the trial court made specific findings—which were conclusions of law —and thus as effectually presented the questions of

law argued as if they had been embodied in submitted propositions. The court said:

"It would have served no purpose for the defendant to have presented a proposition of law as to the construction of the contract and certificate *in addition to the findings* of the court respecting them. The only questions in the case are questions of law, and the decision of the trial court respecting them is *shown by the record.*" (p. 48.)

In the *Russo* case, the court saying there was no dispute concerning the essential facts, and that they presented the question of law whether they showed a contract between the parties on which the suit was brought, added that "the question, under such circumstances, is one of correct application of the law to the undisputed facts." The language thus used must be considered with reference to the circumstances to which it applied. The court having held that the undisputed facts showed the entry into such a contract, defendant's liability thereon for an undisputed amount followed as a matter of course. Not so here. No contractual relation between the parties to this suit arises directly under either ordinance the court had to construe. Any contract existing under either is one between the city and the company acting under it, and each ordinance is an exercise of the police power. (*Murphy v. Chicago, R. I. & P. Ry. Co.*, 247 Ill. 614, 618.) Hence various questions of law may arise under them, and be deemed applicable or not to the agreed state of facts. But it is impossible from the mere finding in favor of one party and against the other—which established no particular contract or relation of the parties that could be ascertained by reference to the pleadings—to know what principles of law were applied or deemed controlling. They involved such questions as the effect of reservations in one ordinance, the extent and nature of property rights acquired thereunder, whether the city and not plaintiff may be liable to defendant for the "change

of grade," whether the construction of subways or viaducts for carrying the street under an elevated roadbed constitutes a "change of grade" of the street, as the term is used in one of the ordinances, whether the cost of repaving could be imposed upon the traction company where the grade is so changed, whether the city might not be liable therefor, and various other questions that may or may not have been considered as applicable to the case.

All these questions are argued at length. But it is only by argument and not by any prescribed rule for presenting a legal issue that they are raised. We appreciate their importance, but it is quite as important that the burden should not be cast upon Appellate Courts to search through every state of facts disclosed in a record to ascertain whether correct principles of law were applied to them when none of the methods of raising such principles before the trial court was observed.

Accordingly we shall not discuss the various questions of law thus argued, but observe the doctrine stated in the *Babbitt* case, *supra,* that "where there is no controversy as to the facts and the only question is what judgment shall be entered on the facts in the record, such question is one of law and may be raised and preserved for review in one of three ways: by demurrer to the evidence, by propositions to be held as law, or by motion to find for the party." As the questions of law here argued are not raised in any one of these ways, or in any other way, the judgment must be affirmed.

*Affirmed.*

GRIDLEY and MATCHETT, JJ., concur.