## Kathryn R. Roberts, Executrix, Defendant in Error, v. Cat-Nak Manufacturing Company, Inc., Plaintiff in Error.

### Gen. No. 23,992.

1. CORPORATIONS, § 48*—*when plaintiff not required to prove incorporation of defendant sued as corporation.* Proof of incorporation need not be adduced by plaintiff suing in the Municipal Court of Chicago where the defendant, sued as a corporation, does not deny in its affidavit of defense that it is a corporation.

2. CORPORATIONS—*what is prima facie proof that defendant is not domestic corporation and not licensed to do business in State.* Where, in an action in the Municipal Court of Chicago, a defendant sued as a nonresident corporation admits its incorporation by failing to deny it in its affidavit of defense and plaintiff proves that the records of the Secretary of State were searched and that such search revealed no record of defendant's incorporation in the State nor of the issuance of a license to it to do business in the State, such evidence, taken in connection with defendant's admission of incorporation, is prima facie proof that defendant is not a domestic corporation and is not licensed to do business in the State.

3. CORPORATIONS, § 735*—*when foreign corporation, carrying on interstate and intrastate business cannot maintain suit in domestic court in regard to intrastate business.* While foreign corporations engaged in interstate commerce are not, as to such business, amenable to the provisions of the State statute regulating the admission of foreign corporations to do business in the State, they are amenable so far as they engage in intrastate business, and cannot maintain suit in regard thereto if they have failed to comply with the statute.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. SET-OFF AND RECOUPMENT, § 38*—*burden of proving claim under set-off.* The burden of proof is on the defendant to establish its claim under a set-off.

5. CORPORATIONS—*burden of proof when foreign corporation defendant which has not complied with State statute interposes set-off.* Where a foreign corporation defendant which has not complied with the State statute regulating the admission of foreign corporations seeks to interpose a set-off, the burden is on it to show that the items of its claim arose out of interstate commerce transactions simply, and where the evidence offered and received in support of the claim tends to show that the majority, if not all, of the items relate wholly to domestic commerce, the set-off is properly stricken.

6. CORPORATIONS, § 745*—*what is extent of right of recovery against foreign corporation which has not complied with State statute.* In an action against a foreign corporation which has not complied with the statute regulating the admission of such corporations to do business in the State, expenditures knowingly and wrongfully incurred by plaintiff to enable defendant to carry on its business in violation of such statute may be and are properly stricken from plaintiff's claim and he may thereupon be allowed to recover on items expended with reference to defendant's business outside of the State.

7. APPEAL AND ERROR, § 1301*—*what is presumption as to evidence considered by court trying case without jury.* It is presumed on appeal that the court trying the case without a jury considered only the material evidence received.

8. APPEAL AND ERROR, § 1567*—*when failure of trial court to mark propositions of law submitted to it is not ground for reversal.* While proper practice requires that the trial court should mark the propositions of law submitted to it, its failure to do so is not ground for reversal where the evidence is sufficient to sustain its judgment under the law applicable thereto and the propositions relate to legal questions which the record shows the court otherwise ruled upon and no reversible error is found in such rulings.

Error to the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed December 31, 1919. Rehearing denied January 15, 1920.

FREDERICK A. BANGS, for plaintiff in error; RICHARD H. COLBY, of counsel.

WILLIAM G. WISE, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Justice Barnes delivered the opinion of the court.

This was an attachment brought by Lewis C. Roberts, since deceased, against the Cat-Nak Manufacturing Company, incorporated, on the ground of its being a nonresident of this State. Later said company was served with summons, and filed its affidavit of defense denying it was a nonresident or indebted to plaintiff. It did not, however, deny that it was a corporation, and, therefore, under a rule of the Municipal Court, admitted it was. Such admission rendered it unnecessary, of course, to adduce the proof of incorporation to which defendant objected as incompetent. Hence error assigned thereon need not be considered. But there was also proof of a search of the records of the Secretary of the State of Illinois and that such result revealed no record of defendant's incorporation in this State or of the issuance of a license to it to do business in this State. Such evidence, taken in connection with the admission of defendant's incorporation, was prima facie proof that defendant was not a domestic corporation nor licensed to do business in this State.

The case was tried without a jury. After eliminating over $350 of plaintiff's claim, the court assessed his damages at $456.07, consisting of expenditures, as shown by competent testimony, made by him for the benefit of said company at the request, express or implied, of its president and manager.

At the close of the evidence the court, on plaintiff's motion, struck defendant's set-off apparently on the ground that, as the proof showed that defendant was an unlicensed foreign corporation, it would not, under our statute regulating the admission of foreign corporations to do business in this State, be permitted to assert its claim. True, as plaintiff in error states, foreign corporations engaged in interstate commerce are not amenable to the provisions of such statute. *(Lehigh Portland Cement Co. v. McLean*, 245 Ill. 326.) But they are so far as they engage in intrastate trans-

actions, on which they cannot maintain suit if they have failed to comply with such statute. *(United Lead Co. v. J. W. Reedy Elevator Mfg. Co.*, 222 Ill. 199.)

The burden of proof, of course, was on defendant to establish its claim under the set-off *(Russell, Burdsall & Ward, Inc. v. Excelsior Stove & Manufacturing Co.*, 120 Ill. App. 23, 31), and therefore to show that the items of which it consisted were merely such as arose out of interstate commerce transactions. But it is clear from the record that plaintiff in error was not only engaged in interstate commerce but was also transacting business in this State, and as both the evidence received and offered in support of the counterclaim tended to show that most, if not at all, of the items included therein relate wholly to domestic business, we think the counterclaim or set-off was properly stricken. In such a case under a similar statute the Wisconsin Supreme Court has held a foreign corporation cannot maintain a set-off. *(Ashland Lumber Co. v. Detroit Salt Co.*, 114 Wis. 66; *Rib Falls Lumber Co. v. Lesh & Mathews Lumber Co.*, 144 Wis. 362.)

But it is urged that plaintiff cannot recover because he was *in pari delicto*. His claim was for an amount exceeding $800. In assessing the damages the court eliminated those items which were apparently expenditures made by plaintiff for defendant company to enable it to carry on business in this State. The record indicates that plaintiff was in a position to know that the company was not licensed to do such business, and such expenditures were properly excluded from his claim, he having knowingly and wrongfully incurred them to carry on such business in violation of the statute. But the items not eliminated, upon which we think recovery was properly allowed, appear to relate to the company's business transactions outside of the State.

Complaint is made against the court's rulings on evidence and its failure to mark propositions of law submitted to it by defendant. As the trial was with-

out a jury, the court presumably considered only the material evidence received. In its exclusion of evidence we find no reversible error.

It should have marked the propositions of law. But as the evidence is sufficient to sustain the court's judgment under the law applicable thereto, and as such propositions relate to legal questions which the record shows the court has otherwise ruled upon, and we find no reversible error in such rulings, we would not be justified in reversing merely because the court failed to mark the propositions so submitted to it. (*Chicago Union Traction Co. v. City of Chicago*, 202 Ill. 576, 578.) The judgment will be affirmed.

*Affirmed.*