BERNARD J. McLAUGHLIN, Plaintiff-Appellant, *v.* RAINVILLE COMPANY, INC., Counterdefendant-Appellee.

(No. 73-128; )

Second District—September 23, 1974.

Murray McGuire, of Crystal Lake, for appellant.

Frank T. Steponate, of Friend & Steponate & Assoc., of Chicago, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This action was brought by plaintiff-appellant, Bernard McLaughlin, against Continental Can Company to recover a commission. Continental Can Company answered, paid the amount claimed to the circuit clerk and impleaded two additional counterdefendants, Rainville Company, Inc., and John B. Clark. (Clark did not participate in the trial and is not involved in this appeal.) The trial court entered judgment without a jury in favor of one of the impleaded defendants, Rainville Company, Inc., against plaintiff.

According to the complaint plaintiff McLaughlin had an oral agreement with Continental Can whereby the Can Company promised to pay McLaughlin a commission if he sold an item of machinery belonging to the Can Company. The machinery was sold and the Can Company admitted that a commission was due on the sale but in accord with its answer the Can Company alleged that the commission was claimed by two counterdefendants and accordingly the Can Company paid the commission into court so that the party entitled to the commission could be determined. Rainville, one of the counterdefendants claiming the commission, filed its pleading claiming that it was entitled to the commission either because plaintiff was its employee at the time of the sale or because the sale was consummated by another employee.

Plaintiff moved to dismiss Rainville's pleading after the response to interrogatories indicated: one, that it was a foreign corporation; two, that it had never received a certificate of authority from the State of Illinois; and three, that it maintained an office or offices in the State of Illinois and transacted business in this State. The trial court denied plaintiff's motion to dismiss Rainville's pleading and after hearing evidence on the merits of the claim the trial court decided that Rainville rather than plaintiff McLaughlin was entitled to the commission.

On this appeal the only issue raised by plaintiff-appellant is the court's ruling on his motion to dismiss Rainville's pleading and in this court as in the trial court it is plaintiff's theory that because Rainville had no certificate of authority to conduct business in this State it was disqualified from filing the pleading raising the issue in which the court decided in its favor. As indicated in the statement of facts, the essential facts are undisputed.

The statutory provision relied upon by the plaintiff is section 125 of the Business Corporation Act (Ill. Rev. Stat. 1969, ch. 32, par. 157.125), which provides in pertinent part;

"Transacting Business Without Certificate of Authority

No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain an action at law or in equity in any court of this State, until such corporation shall have obtained a certificate of authority. * * *

The failure of a foreign corporation to obtain a certificate of authority to transact business in this State shall not impair the validity of any contract or act of such corporation, and shall not prevent such corporation from defending any action at law or suit in equity in any court of this State. * * *."

Relying on *Roberts v. Cat-Nak Manufacturing Co.*, 216 Ill.App. 245, decided in 1919, in which the court held an unqualified foreign corpora-

tion could not claim a setoff, plaintiff urges that Rainville is seeking similar relief and should be similarly disqualified.

Conceding that it could not have initiated any action in this State to collect the commission because of its status as a foreign corporation without any certificate of authority to do business in the State, the appellee nevertheless insists that it became a party to the action against its will and consequently under the terms of the statute relied upon by the appellant it has the right to defend itself and this is all it did. The circumstances of this case appear to be unique and no case has been called to our attention from this State or from any other state having legally equivalent statutory provisions in which an unqualified corporate defendant is made a party to the litigation by interpleader. However, it is our conclusion that in the absence of any specific prohibition against interpleading unauthorized corporate defendants such a defendant may assert its defense even though by the nature of the action the defense entails a determination of the party entitled to the interpleaded funds. If the appellee is to be bound by the court's adjudication it should have the right to assert a defense which is inherent in the nature of the issues to be resolved.

For the foregoing reasons, the judgment of the circuit court of McHenry County is affirmed.

Judgment affirmed.

SCOTT, P. J., and DIXON, J., concur.